EDDINGS, ET AL. v. LONG, ET AL.

1. The omission of an executor, when he files his accounts for final settlement, to make a statement on oath, containing the names, &c. of the heirs, or legatees, is not a matter upon which error can be assigned.

2. The testator gave his widow all his lands, and several slaves, for her lifetime, and by subsequent clauses of his will, disposed of the reversion of such lands and slaves to certain named persons, his children. After disposing of other slaves, monies and effects by specific bequests, to other children and grand-children, he introduces this clause: "I wish that such of my property that I have not willed away, may be sold and divided among my legal heirs." *Held*, that the term *legal heirs*, in this connection, was equivalent to legal distributees, and that the widow was entitled to one-fifth of the residue, there being more children than four.

Writ of Error from the Orphans' Court of Greene.

THE errors complained of in this cause, are supposed to arise out of the proceedings of the orphans' court upon the final settlement of the estate of Gabriel Long, at the instance of Benjamin Long and Bryan Watkins, the qualified executors. So much, and such parts of the record as seem necessary to the correct understanding of the errors assigned, will be recited.

On the 3d of March, 1843, the executors came before the court, and filed their vouchers and accounts for a final settlement. Whereupon it was ordered that the 16th of April following should be set apart for that purpose, and forty days notice given in a newspaper, &c. It does not appear from the transcript that any statement on oath, or otherwise, of the names and residence of the legatees, or distributees, was filed by the executors; but appended to the account is an abstract of the division of the sum in the executor's hands, between the widow of the deceased, ten persons of the same names as mentioned in his will as his children, and two sets of persons who are in the same manner mentioned as his grand-

children; and the division is made as follows, to wit: one fifth of the sum to the widow, and one twelfth of remainder to each child—the shares of the children of those supposed to be deceased, being proportionate to their number, as the descendants of the two deceased children. This is sworn to by the executors, the 12th May, 1843.

The settlement took place on the day last named, but no continuance of the matter appears in the transcript as of the 16th April, the day fixed by the previous order. The court confirmed its decree of settlement and distribution to the account and statement of the executors, rendering a judgment in favor of each individual for the share coming to it. No exception seems to have been taken to the action of the court in any particular whatever, but the judgment entry recites that it appeared to the satisfaction of the court that the persons thus named, are legatees under the will, it proceeded to decree as before stated.

The parts of the will which require to be stated are in these terms, to wit:

3. I will to my beloved companion, Mary Long, during her natural life, all the lands which I now own, and the following named. negroes: one negro man named Humphrey, one woman named Clancey and her two sons, Jim and Wiley, and one boy Armistead, and provisions to do one year; four head of horses, such as she may choose; all my stock of cattle; twelve head of sheep, and as many hogs as may be considered (by his executors) necessary for the support of her family, and as much of the household and kitchen furniture as may be necessary for her comfort and convenience.

The reversion of the lands and slaves thus given to his wife for life, are by subsequent clauses of the will given to certain named children of the testator, and after all the specific bequests follows this general clause, to wit:

19. I wish that such of my property that I have not willed away, be sold and divided among my legal heirs.

The writ of error is prosecuted in the name of the distributees, and they assign that the court erred—

1. In making the settlement without requiring the executors to file with their account a statement on oath, containing a list of the heirs and legatees.

Eddings, et al. v. Long, et al.

2. In decreeing to the widow any part of the estate in the hands of the executors not specifically bequeathed.

3. In allowing her one-fifth of the residium.

W. S. and J. WEBB, for the plaintiffs in error, insisted—

1. The statute expressly directs, that the personal representative, proposing to make a final settlement, shall file with his account a statement on oath, containing a list of the heirs and legatees of the estate, &c. [Clay's Dig. 229, § 42.]

2. Mrs. Long, the widow, being fully provided for by the third clause of the will, and filing no dissent to the will, was not entitled to any portion of the residue of the estate. [Cl. Dig. 172, §§ 1, 4.] She cannot be considered under the 19th clause of the will, as one of *the legal heirs*, because she is not within that description.

3. But if so considered, then instead of one-fifth, she was entitled to only one-thirteenth part, there being twelve children.

No counsel appeared for the defendants in error.

GOLDTHWAITE, J.—1. The provision of the statute of 1843, requiring the executor or administrator, applying to make a final settlement, to file a statement on oath of the names and description of the heirs and legatees, [Clay's Dig. 219, § 43,] is directory to the administrator, and is a matter for the ommission of which he is made responsible for all damages arising from his neglect. In all cases it would seem to be quite proper when the legatees or distributees do not appear, for the court to require the necessary information, if in the power of the executor or administrator to give, but in our opinion, it forms no part of the proceedings of the court upon which error can be assigned.

2. The other point in the case is of greater moment, but seems to us entirely clear. The testator, after making what he considered a proper division of his lands, slaves and other effects between those entitled to be remembered, was aware there yet remained a large surplus undisposed of. This he indicates shall go in the precise manner as if no will was

made, when he uses the expression that he wishes it to be sold and divided among his legal heirs. When the term heir is used in connection with the personal estate only, there is no conflict in the cases, that it is to receive the construction of next of kin. [Lowndes v. Stone, 4 Vesey, 649; Holloway v. Holloway, 5 Ib. 399; Vaux v. Henderson, 1 J. & W. 388.] This term used solely in this connection seems to be precisely equivalent to legal representatives, and the decisions are numerous where this is held to mean, next of kin, and that these take under the will, as under the statute of distributions. [Bridge v. Abbott, 3 Bro. C. C. 64; Long v. Blackell, 3 Ves. jr. 486; Cotton v. Cotton, 2 Beavan, 67.] These authorities are conclusive to show the court did not err in letting in the widow under this bequest, and the statute of distributions determines her share to be one fifth, when there are more children than four.

Judgment affirmed.