# PATTERSON, ET ALS. v. THE OFFICERS OF THE CIRCUIT COURT OF MOBILE.

1. Several plaintiffs having distinct interests, cannot unite in a motion against the sheriff.

2. A judgment for costs, cannot be rendered in favor of any one, but a party to the suit. One cannot be rendered on motion, in favor of the officers of court.

3. A judgment in favor of the " officers of the circuit court of Mobile," is a nullity, and no writ of error can be sued upon it.

Writ of Error to the Circuit Court of Mobile.

Patterson, et als. v. The Officers of the Circuit Court of Mobile.

A NOTICE was given to the plaintiff in error as sheriff, and others as his sureties, that a motion would be made against him and his sureties, for costs and damages, " in the following cases, being on executions put in your hands, as sheriff of said county of Clarke, which issued from the circuit court of Mobile county, and which you have failed to return, viz :" Here follows a list of cases of different plaintiffs, and defendants, with a statement opposite each, that it is for costs, and when returnable. The notice is signed by A. Brooks, clerk of the circuit court of Mobile county, and was returned executed.

The entry upon the Motion docket was—

Officers of Mobile Circuit Court, ⎞ Motion v. sheriff to pay
        vs. ⎬ over costs in the following
  Patterson and his sureties. ⎠ cases.

This motion is again repeated in the judgment entry, and a judgment rendered, that the plaintiffs recover of the defendants, the costs in the following cases, to wit : Then follows a list of the cases separately, a statement of the amount of the judgment for costs, when returnable, that the same was received by the sheriff and was not returned. "Altogether amounting to the sum of six hundred and fifteen dollars, together with the costs of this motion, for which execution may issue."

Many errors are assigned, for which see the opinion of the court.

BLOUNT, for the plaintiff in error, cited 7 Ala. R. 154.

ORMOND, J.—The notice is given in this case, by the clerk of the circuit court of Mobile county, to recover of the sheriff, by motion, the costs in four cases, rendered in favor of different persons, and against different defendants, because as alledged, he had failed to return the executions.

If this motion were made by the persons in whose favor the judgments for costs were rendered, it would necessarily fail, as they could not unite in making a joint motion against the sheriff, their interests being several. [Gary v. Hathaway,

6 Ala. R. 165.] Nor if the parties could thus unite, could a judgment be rendered in their favor upon a notice by the clerk of the court, as seems to have been attempted in this case, though perhaps the term "plaintiffs," used in the judgment may have been intended to refer to, and embrace the different individuals, who were "the officers of court;" which, from the caption placed at the head of the judgment, and on the minute docket, was doubtless the style of the case in the court below. It is so considered in the proceedings in error. The writ is sued out against the "officers of the circuit court of Mobile," and the bond to supersede the execution is made payable to them, by that designation. The true interpretation therefore of the term, "plaintiffs," as used in the judgment, is "officers of court."

In Gary v. Boykin, 7 Ala. R. 156, we had occasion to consider this question, and there held, that the summary remedy given by our various statutes, were for the benefit of suitors in the courts, and did not apply to officers, who seek to recover costs only. Nor indeed do we know of any authority for the rendition of a judgment in favor of the officers of court for costs, either collectively by that appellation, or in favor of each individually, for his separate proportion. Our statute authorizing a judgment for costs, gives it to "the party in whose favor judgment shall be given." [Clay's Dig. 316, § 20.[ A judgment for costs then is an incident of the judgment in the cause, and must be in favor of, and against a party to the cause. It is manifest the officers of court are not parties to the suit. The judgment when rendered, is unless otherwise directed, a judgment for costs also, against the unsuccessful party, and by the act of 1826, when they cannot be recovered of the defendant, an execution may issue against the plaintiff, for all costs created by him in obtaing his judgment. [Clay's Dig. 316, § 23.]

But although this judgment is wholly irregular, it cannot be corrected in this mode, for want of the necessary parties. The judgment in favor of the "officers of court," by that appellation, is such a nullity that no execution could issue

upon it, and if one should issue, it would be superseded and quashed.   The writ in this case is not prosecuted against any individual or individuals.   Who the "officers of the circuit court of Mobile" are, no where appears, and as no judgment can be here rendered against them, the writ of error must be dismissed.   [Joseph, adm'r, v. The Legatees of Joseph, 5 Ala. R. 280.]

Writ of error dismissed.