## ASHLEY'S DIS. v. ASHLEY'S ADM'R.

1. An order, or decree, of the orphans' court, accepting the resignation of an administrator, and directing him "to pay over to his successor, when known, the sum of $2696 84, being the amount due from him to said estate," is not such a final decree, as will protect the adminisrator against a citation for a a final settlement of the estate, by the distributees of the estate, although he had paid over to his successor, the sum ascertained by the previous decree, to be due from him.

Error to the Orphans' Court of Montgomery. Before the Hon. Adam C. Felder.

The facts appear in the opinion of the court.

MAYS, for the plaintiff in error.

BELSER & HARRIS, contra.

1. It is admitted, that by our decisions, the annual returns of an administrator may be corrected on a final settlement of the estate, and such a decree be rendered, as will be proper upon a view of all the facts. Willis's adm'r v. Willis's heirs, 9 Ala. 335; Brazeal's adm'r v. Brazeal's dis. ib. 496; Cunningham v. Pool, et al. ib. 620; Smith's heirs v. Smith's adm'r, 13 ib. 329. But where items have been passed on, by the orphans' court, sech an adjudication of them, is at least, *prima facie* proof of their correctness, in favor of the administrator. Mills's adm'r v. Mills's heirs, &c., at this term; Allen v. Hubbard, 8 New Hamp. 487; Loring, adm'r v. Sternman, et al. 1 Metcalf 207, 208; McCall v. Peachy, adm'r 3 Munf. 288; and such items ought not to be received, unless by a court of equity, or on a petition filed for the purpose, setting forth fraud or mistake: and the application should be made within a reasonable time. Burton and wife v. Dick, et al. 3 Yerger, 112; Bunting's appeal, 4 Ser. & Watts, 460; Stetson v. Bass, 9 Pick 26; Taylor v. Benham, 5 Howard U. S. 223; Crombe v. Engle, 4 Harr. 83; Dement et al. v. adm'r of Burgess, 13 Ala. 140.

2. The citation in this instance, was properly discharged. The administrator, in 1839, made a final settlement with the

court, resigned his trust, and was ordered to pay over to his successor, which order has been fully complied with. He is not in default, in any manner. Leland v. Kingsbury, 24 Pick. 317; Skinner v. Frierson, 8 Ala. 915; Gayle v. Elliot, 10 Ala. 265; Watson and wife v. May, 8 ib. 177.

DARGAN, J.—On the 4th of January, 1837, William Ashley was appointed administrator of the estate of James Ashley, deceased, by the orphans' court of Montgomery. He returned an inventory of the estate, and account of sales': he also petitioned the court, that commissioners be appointed to divide the estate, amongst the children, and widow of the decedent, and commissioner's were appointed by the order of the court. On the first of November, he filed his accounts in the orphans' court, which showed, that he had in his hands, twenty six hundred and ninety six dollars eighty four cents. He then tendered his resignation as administrator, which was accepted, and an order was then made, that he be no longer administrator of said estate, and that he pay over to his successor, when known, the sum of twenty six hundred and ninety six dollars eighty four cents, being the amount due from him to said estate. On the 24th of July, 1848, a citation was issued to him, at the instance of the distributees, requiring him to appear, and make a final settlement of his administration.

The administrator appeared, and objected to entering into an examination of his accounts, or making any further settlement, alledging, that a final settlement of his administration had been previously made, and he discharged from the administration by the previous order and decree of the orphans' court; and relied upon the orders referred to, and introduced proof to show, that he had delivered over to the distributees, their respective shares, and had paid to his successor in office, Felix Ashley, who was appointed administrator *de bcnis non*, the sum ascertained to be due, from him to the estate, in his settlement made Nov. 1839. The orphans' court upon the production of these orders, and this proof, dismissed the application for final settlement, on the

ground that the defendant had made a final settlement of his administration, and refused to proceed further with the examination of the cause.

A final settlement of a decedent's estate, whether it be had at the instance of the administrator, or of the distributees, is a judgment, or decree of the orphans' court, definitely ascertaining, and settling, the rights of all parties interrested in it. The material requisites therefore, of a final settlement are, first, that there be parties to it, whose rights are bound thereby; secondly, that those rights should be judicially ascertained, and established by the judgment of the court. Tried by these requisite, the orders of the orphans' court relied on, as showing a final settlement, or decree, possess not one quality of a final settlement. Who were the parties to it? Are their rights ascertained by it? The record of the orphans' court does not inform us. It is true, that the administrator was ordered to pay over to his successor in office, the sum ascertained to be in his hands, when such successor should be known; but this is no judgment, or decree, for it is not rendered in favor of any one; such a judgment, if it was even intended as such, by the orphans' court, would be void. 11 Ala. Rep. 740; 5 ib. 280.

The orphans' court therefore, erred, in dismissing the application, and in refusing to require the defendant to make a final settlement of his administration, and for this error the cause must be reversed and remanded. As the orphans court dismissed the application for final settlnment, for the reason that one had been prematurely made, we can only review this act. To what extent the defendant may be liable, or what will be proper evidence to charge, or discharge him, we can intimate no opinion; we only say, that the records of the orphans' court do not show a final settlement, and the distributees have no right to call the defendant before the orphans' court to make one.

The decree of the orphans' court is reversed, and the cause remanded.