## SMITH et als. vs. MARTIN'S EX'RS.

1. A testator, after giving specific legacies to his wife and children, and several grand-children, children of a living daughter, bequeathed the residue of his property as follows: "The remainder of my property, &c., I give to be equally divided among my legatees, agreeably to the laws of the State in which I reside." *Held*—That the words following the term, *legatees*, restrict it to such of the testator's legatees, as could have claimed his estate, had he died intestate, that is, to his wife and children.
2. A judgment or decree will not be reversed for an error which is not prejudicial to the party complaining.

ERROR to the Orphans' Court of Pickens.

THIS was a contest in reference to the proper construction to be placed on the last clause of the will of Alexander Martin. The words out of which the controversy arose will be found in the opinion. The court decided adversely to the grand-children of the testator, and they have sued out a writ of error to revise its decree.

ORMOND, for the plaintiffs in error:

1. The Orphans' Court erred in considering that there was an ambiguity in the last clause of the will of A. Martin. The word, "legatees," considered in connection with the rest of the will, had a plain, intelligible meaning, clearly refering to the beneficiaries under the will. The additional words, "agreeably to the laws of the State in which I reside," cannot by construction change it into a word of entirely different import. The maxim, *Falsa demonstratio non nocet*, applies in all such cases, and the false, or improper description will be rejected.—Thomas v. Thomas, 6 Term R. 675; Ashforth v. Bower, 3 Barn. & Adol. 459, per Littledale, Justice; Smith v. Galloway, 5 B. & Adol. 51, per Parke, Justice; Mosley v. Massey, 8 East. 149; Wigram Ex. Evid. 81; 1 Greenl. Ev., § 287-8-9; Miller v. Traverse, 8 Bing. 239; Standen v. Standen, 2 Ves., jr. 589; Goodlittle v. Sauthern, 1 M. & S. 299.

2. Whatever may be the meaning of the language employed, it cannot be explained by parol testimony. A latent ambiguity, that is, one which does not appear on the face of the will, but is raised by extrinsic proof, may be explained in the same way;

but an ambiguity in the will itself cannot be explained by extrinsic proof. These principles are fully explained in the admirable judgments delivered in Hiscocks v. Hiscocks, 5 M. & W., 362, and Miller v. Travers, 8 Bing.; Gray v. Sharp, 1 M. & K., 589; 1 Greenl. Ev., § 287-8-9, and the numerous authorities there cited; Wigram on Wills, 104-187. Evidence of what the testator meant or intended by the use of particular expressions is never admitted.—1 Greenl. Ev., § 291; Brown v. Salstonstall, 3 Metc. 423.

3. If the true meaning of the word, "legatees," is distributees, then the court decided wrong, as by its judgment the widow was excluded from all participation in the residue.

PECK, for the defendants:

1. By the word, "legatees," in the residuary clause of the will, the testator meant distributees, and legatees in the proper sense of that word. This is manifest when the whole clause is considered together—"The remainder of my property, not before enumerated, and what I may hereafter come into possession of, I give to be equally divided among my legatees, agreeably to the laws of the State in which I reside." If this is the true construction of this clause, then there was no ambiguity, and the court below should have decreed the property as it did, without any evidence but the will itself. But,

2. If there was an ambiguity, then the parol evidence was properly admitted to explain it.—1 Stew. 536; 8 Port. R. 204; 10 Ala. 203-334.

PARSONS, J.—The testator's legatees are his wife and children, and several grand-children, who are the children of one of his living daughters. After specific legacies to each, he disposes of the residue thus: "The remainder of my property not before enumerated, and what I may hereafter come into possession of, I give to be equally divided among my legatees, agreeably to the laws of the State in which I reside;" and he resided, it appears, in this State. If the word "legatees" is to be taken in its literal sense, it applies to and includes his wife, children and grand-children who are mentioned in the will, to all of whom, by a previous part of the will, he had given legacies. But we think it appears by the will itself, that the testator intended the residue of his estate for such of his lega-

tees as it would have gone to in case he had died intestate—his wife and children only. The residue consisted of personal estate. It was bequeathed "to be equally divided among my legatees, agreeably to the laws of the State in which I reside." The word, legatees, which otherwise would have included all, was restricted, we think, to such of his legatees as might have claimed the residue under the statutes of distribution, in the event of his dying intestate, by the words that followed, "agreeably to the laws of the State," &c. Those words related either to the division or to the legatees. If to the division, they had neither meaning nor effect; for the division was to be equal, according to the express language of the testator. But if they related to the legatees, then they have both meaning and effect, as they are restrictive of the number of his legatees who are to take the residue. We do not feel at liberty to reject words which have a clear meaning and effect, and which are consistent with what he probably intended. We could only reject them upon the clear impression that they were used without meaning and without an object.

The children claim the whole residue, and their counsel refers us to Bell & Wife v. Hogan, 1 Stew. 536; Heirs of Capal v. McMillan, adm'r, 8 Port. 204; Eddings et al. v. Long, 10 Ala. 203, and Bell & Wife v. Mason's Adm'r, 10 ib. 334, and other authorities, and contends that the parol evidence which was given in the Orphans' Court, and which consisted of the testator's declarations that he intended the residue for his children, was admissible to explain an ambiguity in the will, the counsel contending that there is an ambiguity in respect of the word "legatees." But the authorities cited by the counsel for the grand-children are conclusive, in our judgment, against the admissibility of parol evidence of the testator's declarations. There was certainly no latent ambiguity. There was error, therefore, in admitting the evidence and in excluding the testator's widow, but she is no party to this writ of error, and this error has worked no injury to the grand-children, since they are excluded by the will, according to the construction we have above placed upon it. The decree of the Orphans' Court is consequently affirmed.