### CLACK'S HEIRS *vs.* CLACK'S ADM'RS.

1. It is not ordinarily necessary that the record should show that the administrator made the affidavits required by law, in regard to the use of the money of the estate and the names of the heirs and legatees.   They will be presumed to have been made, in the absence of an exception for the want of them.

2. When the record shows that there were minor heirs, it should also show that they were represented on the final settlement by a guardian, or guardian *ad litem ;* and if it does not, the decree will be reversed on error.

ERROR to the Court of Probate of Marshall.

The writ of error in this case was sued out to reverse a final decree of the Court of Probate for the settlement and distribution of an estate.   Three errors are assigned, viz:

1. That there were minor heirs, and that it does not appear by the record that they were represented on the settlement by a guardian, or guardian *ad litem.*

2. That the Court of Probate proceeded to a final settlement, without requiring the administrator to make the affidavit required by law, in regard to the use of the money of the estate.

3. That the court proceeded to final settlement without requiring the administrator to make the affidavit required by law, in regard to the names of the heirs and legatees of the estate.

WYETH, for plaintiffs in error.
No counsel for defendants.

PHELAN, J.—It does not appear by the record, that any such affidavits as those to which the second and third assignments relate were filed by the administrator, nor is it necessary that it should. If the administrator had neglected, or refused to make the oath, in regard to the use of the money of the estate, or to file "a list of the heirs and legatees" of the estate on oath, as required, it is to be presumed that an exception would have been taken, and the matter would then properly have appeared on the record. It is not necessary ordinarily, that these things should appear by the record. They will be presumed to have been done, in the absence of an exception for the want of them. The case of Eddings et al. v. Long et al. (10 Ala. 203) is decisive of this matter.

The first assignment of error is good, as was decided by this court, at the June Term, 1851, in the case of Devor's Heirs v. Devor's Administrator. Where it appears from the record, that there are minors, it must also appear that they were represented on the final settlement by a guardian, or guardian *ad litem;* and if it does not, it will be error.

For this error, the decree of the court below is reversed, and the cause remanded.