## SMITH, GUARDIAN, &c. *vs.* SMITH'S ADM'RS.

1. Whenever it is necessary to form an issue to ascertain whether an advancement has been made to a child, although the better practice would be, that the proceedings should be conducted in the name of the administrators as plaintiffs, and the party who contests the fact of advancement as defendant, yet, if the record shows that the question at issue was fairly presented and correctly decided, without objection in the court below, the defendant, if the decision is against him, cannot complain that the other distributees were the plaintiffs, instead of the administrators.

2. If a child receives either money or property from a parent, it will be *prima facie* an advancement, unless the presumption is repelled by the nature of the property, or by some other circumstances showing that it could not have been intended for that purpose.

3. When the record of the final settlement of an estate recites, that the guardian of the minor heirs appeared and claimed for them a distributive share, the recital is conclusive as to the fact of the appearance of the minors by their guardian, and such appearance would dispense with the necessity of notice.

4. When infants are interested in the distribution of an estate, they may be rep-

49

resented on the final settlement by their general guardian, unless he is an incompetent or unfit person.

ERROR to the Court of Probate of Chambers.

This writ of error is sued out to reverse a decree rendered by the said Court of Probate, on the final settlement of the estate of William C. Smith, deceased.

The record shows, that, at a regular term of said court, to which the settlement of said estate had been continued, the administrators appeared, and presented their accounts and vouchers for settlement; and that thereupon Sarah J. Smith, the plaintiff in error, guardian of the minor children of Solomon C. Smith, deceased, who was shown to be a son of the intestate, also appeared, and claimed for her wards one distributive share of said estate; that this claim was resisted by the other distributees, unless the property received by said Solomon C. in his lifetime, from the intestate, was brought in for distribution. The judgment entry recites the appearance of the parties as above stated, and that an issue was made up between them and submitted to the court, whether or not the said Solomon C. had received in his lifetime any advancement from his father, the said intestate. The record also shows the evidence submitted to the court on the trial of the issue, which it is unnecessary to set out here as it is substantially embodied in the opinion of the court; and upon this evidence the court decided, that the said Solomon C. had received from his father, as an advancement, a slave named Lucy, and her child; and ordered that the said slaves should be brought into the estate for distribution, or that the said children of Solomon C. should be forever barred from any portion of the said estate.

The record also shows, that, on the determination of this issue, the court proceeded with the final settlement of the estate, excluding the said children of Solomon C. Smith from all share in the same. The judgment entry recites the filing by the administrators of their accounts and vouchers for final settlement, forty days before the term of the court to which they were reported for allowance and settlement, and that personal notice thereof had been given to all the resident heirs of full age, and to the guardian *ad litem* of the minor heirs;

Smith v. Smith.

and no person appearing to contest the same, the court proceeded to make said settlement.

To reverse this decree, a writ of error is sued out in the name of "Sarah J. Smith, guardian of the minor heirs of Solomon C. Smith," and the errors assigned are:

1. That the issue as to the advancement to Solomon C. Smith was improperly made up;

2. The record does not show the appointment of a guardian *ad litem* for the infants, and his acceptance in writing of the appointment;

3. There was no sufficient notice of the final settlement;

4. The court erred in deciding, under the evidence in the case, that an advancement was made to Solomon C. Smith.

L. E. PARSONS and JOHN WHITE, for plaintiff in error.

FALKNER, *contra.*

GOLDTHWAITE, J.—The objection which is taken by the plaintiff in error, that the issue ascertaining the advancement was not made between the proper parties, cannot be sustained. It was competent for any of the other heirs of the intestate to raise the objection; and although it would be the better practice, whenever it is necessary to form an issue to ascertain whether an advancement has been made by the intestate, that the proceedings should be conducted in the name of the administrators as plaintiffs, and the party contesting the fact of the advancement as defendant, yet, if it appears from the record, that the question at issue was fairly presented, and correctly decided, without objection in the court below, the defendant, if the decision is against him, cannot complain that the other distributees were the plaintiffs, instead of the administrators. By not making the objection in the court below, he assented to the trial of the question in the shape in which it was presented; and after doing this, he will not be permitted to raise the objection before an appellate tribunal.

We think also, that the court below decided correctly in relation to the advancement. The evidence clearly shows, that the slave Lucy and her child were paid for with the money of the intestate, and that on two different occasions he asserted his title to them, in the presence of the child to whom

it was alleged they were advanced, who not only failed to deny his claim, but on the last occasion, by his language, admitted it. After this, we find them remaining in the possession of the child up to his death, a period of some four years, during which time they were used and controlled by him as his own property. The testimony also shows, that he disposed of them by will, made in the presence and with the knowledge of the testator, who, while he asserted his right to the other slaves disposed of by the same instrument, set up no claim to these. Under these circumstances, we can arrive at no other conclusion, than that the father had, before the death of his son, divested himself of the ownership of the slaves referred to, in favor of his son. The rule laid down by Mr. Justice Ormond in the case of Mitchell v. Mitchell, 8 Ala. 414, is, that if a child receives money or property from a parent, it will be *prima facie* an advancement under our statute, unless the presumption is repelled by the nature of the property, or by some other circumstances showing that it could not have been intended for that purpose. In the present case, the son is engaged in business for himself; is living apart from his father, in a situation requiring an advancement; and the nature of the property is such as a parent, having that object in view, would be likely to bestow. Instead of repelling the presumption, the testimony tends rather to fortify and strengthen it.

In relation to the question of notice: The record recites, that, on the day and at the term appointed for the final settlement of the estate, the administrators appeared, and presented their accounts, which are shown to have been previously duly reported and filed, for settlement; and also, that the guardian of the minor heirs appeared, and claimed for them a distributive share. These recitals are conclusive, as to the fact of the appearance of the minor heirs by their guardian; and as this legal appearance would dispense with the necessity of notice, the real question is, whether the minors who are interested in the distribution of an estate can properly be represented on its final settlement by their general guardian. We are not aware that this question is covered by any previous decision, and in the case of King v. Collins, 21 Ala., it is considered as one still open for adjudication. It is unnecessary to cite authorities to sustain the position, that, in general, the

appearance of an infant by such a guardian is good; and we think also, that, generally speaking, he feels a higher degree of responsibility in protecting the rights and interests of the ward, than the guardian *ad litem* appointed by the court, who seems usually to consider his duties as limited to a denial of all matters which may affect the rights of the ward, without resorting to any positive or active measures to secure them. It is true, when the general guardian is an incompetent or unfit person to represent the infant, it would unquestionably be the duty of the court to appoint a suitable person guardian *ad litem;* but in those cases in which the general guardian does appear, and is recognized by the court as the representative of the minor, we can perceive no good reason why the appearance should not be sustained.

It results from these views, that there is no error in the record, and the decree is affirmed.