## HOWARD'S DISTRIBUTEES vs. HOWARD'S ADM'R.

1. Under the act of February 7, 1854, (Pamphlet Acts 1853-54, p. 24,) the probate court has jurisdiction, on the petition of the distributees of an intestate's estate, whose administrator has died without settling his accounts, to cite the personal representative of such deceased administrator, and have an account and settlement of his administration on the original estate, "as fully and completely" as could have been made by such deceased administrator himself, if alive ; and the meaning of the proviso to the third section is, that the personal representative of the deceased administrator shall be personally liable on such settlement only to the amount of the assets of his intestate's estate which have come to his hands.

2. An appeal lies from a decree of the probate court, sustaining a demurrer to a petition filed, under the act of 1854, to compel a settlement from a personal representative of his intestate's administration on an estate, because of the failure to allege that assets of the first estate came to the defendant's hands; and dismissing the petition with costs, on the petitioner's declining to amend.

APPEAL from the Court of Probate of Madison.

The appellants, claiming to be the children and legal distributees of Robert Howard, deceased, filed their petition in July, 1854, for a citation against Robert L. Clark, as administrator of William Howard, deceased, to compel him to settle his intestate's administration on the estate of said Robert Howard. The petition alleged, that William Howard was appointed administrator of said Robert Howard's estate on the 16th November, 1840 ; that he died in 1845, having never made a final settlement of his administration on said estate ; and that defendant had been appointed and qualified as his administrator. The defendant appeared by attorney, and demurred to the petition, "because said petitioners do not. allege, in their said petition, that any assets belonging to the estate of said Robert Howard, deceased, ever came to the hands of this defendant." The court sustained the demurrer, and, on the petitioners' declining to amend, "ordered and adjudged that said petition be dismissed, at the cost of the petitioners' next friend." From this order the present appeal is prosecuted, and the decree is assigned for error.

ROBINSON & JONES, for the appellants :

The act of February 7, 1854, exactly covers the case made

by the petition. The first section, in express terms, confers jurisdiction on the Probate Court to compel the defendant, as administrator of William Howard. to settle his intestate's administration on Robert Howard's estate. The object was, not to reach the defendant. and hold him responsible for the property of Robert that might find its way into his hands, but to make him settle William's administration. The act of 1854 is an exact copy of the act of 1845, which was construed by this court in Jenkins v. Gray, 16 Ala. 104, and again in 24 ib. 517. The object of the act will be entirely defeated, in many cases, if the ground taken in the demurrer is sustained. Much stress is laid on the proviso to the third section, " that the administrator shall only be liable for the assets which may come into his hands"; but the clear intention of this was, to limit the personal liability of the defendant to the amount of assets which have come to his hands from the estate of his intestate. The assets of the estate of Robert Howard could never legally go into the hands of this defendant, but into the hands of an administrator *de bonis non.*—Chamberlain v. Bates, 2 Port. 557. This administrator could not get possession of any of the assets of Robert Howard, without committing a breach of law ; and if he had obtained such possession, he would be liable, in a common-law action, to the administrator *de bonis non.* According, then, to the construction contended for by the appellee, the Probate Court could only acquire jurisdiction by the trespass or tort of the defendant.

That an appeal lies from the order of the court, dismissing the petition, &c., see Code, § 1888.

BRICKELL & CABANISS, *contra :*

1. The appellee submits to a motion to dismiss the appeal, because the judgment of the court, sustaining the demurrer to the petition, is not a final order or decree from which an appeal will lie. By that judgment, the court merely refuses to compel a settlement, and this refusal cannot be revised on appeal.—Shadden v. Sterling, 23 Ala. 522 ; 20 ib. 185.

2. If this motion should be overruled, then it is insisted for the appellee, that the judgment is correct. The act of 1854 gives the Probate Court the jurisdiction which was invoked by the petitioners, but the proviso to the third section limits

the defendant's liability "to the assets that may come into his hands." In construing the act of 1846, of which the act of 1854 is a literal copy, this court say, that the remedy provided may "extend the assets of the first estate unadministered, *but it could go no further*."—Gray v. Jenkins, 24 Ala. 516.

CHILTON, C. J.—The act of 7th February, 1854, authorizes the distributees of an intestate, in cases where the administrator has died, to call in the personal representative of such deceased administrator before the Probate Court, and have an account taken and settlement made between the estate and the deceased administrator, "as fully and completely" as could have been made by the deceased administrator were he alive. It is provided, however, by the third section of that act, that such executor, administrator, &c., shall only be liable for the assets that may come into his hands.

In Gray v. Jenkins, 24 Ala. 516, it was said, that the object of such enactment was, to afford the Probate Court the means of reaching the estate of the first executor, or administrator, in the hands of his personal representative, and perhaps the remedy would extend to the assets of the first estate unadministered, &c. The act of 1844-5, here construed, was not essentially variant from the act of 1854, now under consideration. It could not have been the design of the Legislature, to limit the account and settlement merely to the unadministered assets of the first estate which may have gone into the hands of the personal representative of the administrator of such estate. This would, in most cases, defeat the avowed object of the act, which was, to enable the court to effect a complete settlement in this summary way. Besides, the representative of the first administrator has no right to take the property of the estate upon which his intestate administered, and if he were to do so, he would be liable to an action at the suit of the administrator *de bonis non* of that estate.

The meaning of the proviso to the third section of the act of 1854, is, that the representative of the first administrator shall not be held personally liable beyond the assets which may have come to his hands,—assets of the estate which he represents, and such as he had authority to reduce to possession and administer,—of his immediate intestate.

Had this proceeding been instituted to obtain distribution, under the law as found in the Code, the petition would have been defective, as it fails to specify the share to which the applicants are entitled, or that the assets are more than sufficient to pay the debts, as provided in section 1779. But the application is for a settlement of the first estate, under the act of 7th February, 1854, by the children of the intestate, who are his distributees, and substantially conforms to that act. The court, therefore, improperly sustained the demurrer to the petition.

But it is said that this application may be renewed at any time,—that there is no final decree, nor any such consideration or judgment of the court, as under the existing law will authorize an appeal.

There are cases in which no appeal lies from the refusal of the court to proceed to compel settlements. Such are some of the cases cited by the counsel who moves to dismiss this appeal. In these cases, the court, for reasons deemed sufficient, postpones the settlement or distribution, but makes no final order concluding the rights of the petitioners. Here it is different. The court, in deciding upon the demurrer, adjudges that, unless the petitioners will aver (and, of consequence, prove) that assets of the estate of Robert Howard came to the hands of Clark, the administrator of Wm. Howard, the court had no power to compel him to make the settlement; and for want of such averment, their petition is dismissed, with cost. We think, that under our previous decisions, this is such a judgment as authorizes an appeal. A judgment on demurrer to a declaration is so far regarded as a judgment on the merits, as to be a good bar to an action founded on the same allegations.—Perkins v. Moore, judge, &c., 15 Ala. 17. The case before us falls within the principle of the decision of McDaniel v. Whitman, in which we refused to dismiss.—See 15 Ala. 343.

Let the judgment be reversed, and the cause remanded.