## CAPELL *vs.* LANDANO.

[BILL IN EQUITY FOR SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Conclusiveness and effect as evidence of interlocutory probate decree* —In a proceeding before the probate court for the settlement of a guardian's accounts, the auditing and stating of the account by the judge, by which a balance is ascertained against the guardian, is but the interlocutory ascertainment of a fact preliminary to a decree, and is not evidence against the ward, in a subsequent chancery suit, when it appears that, before the rendition of a final decree, the proceeding was voluntarily dismissed at his instance.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Wesley N. Capell and Harvey S. Capell, against John Nugent, Giobe Landano, and others; and sought to compel a settlement of said Nugent's accounts as guardian of the complainants, and to enforce payment of whatever balance might be found due to them out of certain property, real and personal, in the hands of Landano, who, the bill alleged, purchased from Nugent, with notice that said property had been mortgaged by Nugent to the sureties on his official bond as complainants' guardian. A decree *pro confesso* was taken against Nugent. Landano filed an answer, insisting that he was a purchaser for valuable consideration without notice. He further alleged, that proceedings had been instituted in the probate court of Mobile, before the filing of complainants' bill, to compel a settlement of Nugent's guardianship; and that, after the court had taken jurisdiction, and had fully audited and adjudicated the accounts, showing a balance of only $350 in favor of the complainants, they dismissed the proceeding.

A transcript from the records of the probate court of Mobile, which was made an exhibit to Landano's answer, showed the following proceedings to have been had in the matter of the settlement of Nugent's accounts and vouchers as guardian: On 3d January, 1846, Nugent filed his

accounts and vouchers for final settlement; publication was ordered, and the third Saturday in February was appointed for the settlement. On the 21st February, the 7th March, the 4th April, the 11th April, and the 2d May, successively, the proceeding was regularly continued. On the 16th May, the guardian and his wards both appeared, by attorney, "and the court proceeded to audit and examine said accounts; and for good cause shown, it is [was] ordered, that the further hearing and consideration of the same be continued." On the 23d May, it was ordered, "that the settlement of the accounts of John Nugent, guardian of Wesley N. and Simpson Capell, minors, be continued." On the 6th June following, the following entry was made: "In the matter of the settlement of accounts of John Nugent: Considered and *credited* [audited?] in part, and cause continued." On the 13th June, the proceeding was again continued. On the 2d September following, an entry was made in these words: "The motion of said minors, by their solicitor, for a rehearing and a new trial, having been heard, it is considered by the court, that the same be refused." The other entries shown by the transcript are as follows:

"Wesley N. Capell and   Orphans' Court of Mobile
Simpson Capell, minors.   county, April ——, 1848.

This day came Wesley N. Capell and Harvey S. Capell, by their guardian, Alex. B. Capell; and the accounts of John Nugent, the late guardian of said Wesley N. and Harvey S., [having] been audited and passed upon in full at a former term of this court, and a balance of three hundred and fifty dollars having been found and adjudicated to be due from said John Nugent, late guardian, &c., unto the said minors, the same was prepared for final decree; and on the 18th April, 1848, the said minors, by their said guardian, having made application to the court for leave to dismiss the proceedings against said Nugent; when, on this day, came the said Wesley N. Capell and Harvey S. Capell, by their guardian, Alex. B. Capell, and, by permission of the court, dismiss the proceedings against said John Nugent, late guardian, &c.: It is therefore considered, that said proceedings be dismissed, and

that the said Wesley N. and Harvey S. Capell pay the costs incurred in this behalf."

"Wesley N. Capell and } For manifest errors in the Harvey S. Capell, minors. } order entered on the 18th day of April last, it is ordered, that it be amended, and entered *nunc pro tunc*, so as to read thus: Wesley N. Capell, having become of mature age, in his own proper person, and Harvey S. Capell, by his guardian, dismisses the proceedings, &c., to-wit:

"Wesley N. Capell } Orphans' Court of Mobile and Harvey S. Capell. } county, April 18, 1848.

In this cause, the court having, on a former day, audited and prepared for final settlement the accounts of said John Nugent, whereby there was ascertained by the court to be due from the said Nugent to the said Wesley N. and Harvey S. Capell the sum of three hundred and fifty dollars; now, this day, came Wesley N. Capell in his own proper person, and shows to the court that he came of age on the 22d February last, and objects, so far as he is concerned, to any further action of this court in the settlement of the accounts between his late guardian, Alex. B. Capell, and his former guardian, John Nugent, and, with the leave of the court, dismisses said proceedings; and came also, at the same time, by his attorney, the said Alex. B. Capell, as guardian of the said Harvey S. Capell, and, on behalf of his said ward, dismisses said proceedings against said Nugent."

The cause having been submitted for a decree on the merits, the chancellor held the complainants entitled to the relief sought by their bill, and ordered a reference to the master of the matters of account. In the statement of the guardian's accounts before the master, the defendant Landano produced a certified transcript of the proceedings had in the probate or orphans' court of Mobile, "and insisted that these proceedings created a *prima-facie* case of the state of accounts between said complainants and said Nugent up to that time." This transcript, in addition to the orders above mentioned, contained a copy of an account-current between said Nugent and his wards,

which was certified (and admitted) to be in the hand-
writing of the then judge of the orphans' court. The
balance ascertained against the guardian by the statement
of the accounts therein contained was $357 99; and
appended to the statement were certain "notes," also in
the handwriting of the judge, giving his reasons for
allowing some items and rejecting others. In stating the
account, the master refused to give any effect to these
proceedings in the orphans' court, and reported a balance
against Nugent of over $50,000. The defendant Landano
excepted to the master's report, on account of the refusal
to treat the proceedings in the probate court as showing
a *prima-facie* case of the state of the guardian's accounts;
and the exception was sustained by the chancellor, who
rendered a decree in favor of the complainants for $694,
as the amount due to them from their guardian, (that
being the balance ascertained against the guardian by the
account as stated by the orphans' court, with interest
thereon up to the date of the decree,) and ordered a sale
of the property in Landano's possession.

From this decree the complainants appeal, and here
assign as error the sustaining of the defendant's exception
to the master's report, and the final decree rendered.

Geo. N. Stewart, and D. W. Baine, for appellants.

R. H. Smith, and Thos. H. Herndon, *contra.*

A. J. WALKER, C. J.—The proceedings in the
orphans' court, for the final settlement of the guardian's
accounts, was continuous from its commencement to its
dismissal. It was not a proceeding of separate and distinct
parts, each complete in itself, but one in which every
step, from its commencement, tended to the result of a
final settlement by a final decree. Until its termination
by some final decree, it was incomplete: it remained *sub
judice*; the jurisdiction of the court over it continued, and
the court retained jurisdiction over the question of its
dismissal. A dismissal of the proceeding before its term-
ination, and while it still remained under the jurisdiction
of the court, prevented any of the orders or ascertain-

ments previously made from having any effect as evidence. McLane v. Spence, 11 Ala. 172. If a court never proceeds further than to ascertain some interlocutory matter, which is merely preliminary to the decree, such ascertainment cannot be evidence; because it was not conclusive, but subject to be vacated or altered by the court, at any time before the rendition of its decree.—Baugh v. Baugh, 4 Bibb, 556; Thompson v. Peebles, 6 Dana, 387; Davis v. Roberts, 1 S. & M.'s Ch. R. 543; Dabbs v. Dabbs, 27 Ala. 647; Rhodes v. Turner, 21 Ala. 217; Willis v. Willis, 16 Ala. 652; Ashley v. Ashley, 15 Ala. 15.

If it be conceded that the orphans' court, in virtue of an appearance by an attorney, had jurisdiction of the persons of the infants, (as to which, see Riddle v. Hanna, 25 Ala. 484; Cook v. Adams, 27 Ala. 294; Clack v. Clack, 20 Ala. 461; Smith v. Smith, 21 Ala. 761; Preston v. Dunn, 25 Ala. 507;) and if it be further conceded that the settlement of the account, with the judge's subjoined notes, was truly and properly a part of the record, (as to which, see Shadden v. Sterling, 23 Ala. 518; Hall v. Hudson, 20 Ala. 284; Hudson v. Hudson, 20 Ala. 364;) it is nevertheless clear, that the auditing of the account, and its statement by the judge, accompanied as they are by no judgment of the court, were but the interlocutory ascertainment of a fact preliminary to a decree, and (the proceeding having been afterwards dismissed) are not evidence against any person of a judicial decree.

The chancellor erred, therefore, in treating the account stated by the judge of the orphans' court as the measure of the complainants' recovery. The decree of the court below is reversed, and the cause remanded.