PRESTRIDGE, Executrix, *vs.* OFFICERS OF COURT.

[MOTION TO SET ASIDE JUDGMENT AND QUASH EXECUTION.]

1. *Officers of court; mandamus.*—Before the adoption of the Revised Code, § 2794, (2389,) which remedied the defect in § 2389 of the Code of 1852, no valid judgment for costs could be rendered in favor of the officers of court, against the plaintiff, on his failure to revive the suit, after its abatement by the death of the defendant. If judgment is rendered against the plaintiff, in such a case, his remedy is by *mandamus*, and not by appeal.

APPEAL from the Circuit Court of Talladega.

Tried before Hon. JOHN HENDERSON.

THIS was a motion in the court below to vacate and set aside a certain judgment rendered by said court, and to quash an execution issued thereon. The facts are as follows :

On the third day of October, 1859, John E. Prestridge, appellant's testator, commenced an action of detinue against Henry P. Oden, sheriff, in said circuit court, for the recovery of certain slaves ; the case was continued until the spring term, 1866, when the following judgment entry was made on the minutes of the court : "The death of the defendant, Henry P. Oden, sheriff, being suggested, and the plaintiff refuses to revive, it is ordered by the court that this suit abate, and that the officers of court recover of the plaintiff all the costs in this case." Upon this judgment an execution for costs was issued against the plaintiff. At the spring term, 1867, Sarah F. Prestridge came into court, and having proved to the satisfaction of the court, that said John E. Prestridge had died since the last term of the court, and that she had been appointed and had qualified as his executrix since the last term, moved the court to vacate and set aside said judgment and quash the execution issued thereon. The court refused to sustain said motion to vacate said judgment, or to vacate and quash said execution, and overruled the motion. From this action of the court the said Sarah E. Prestridge appealed, and assigned the same as error.

JOHN T. HEFLIN, for appellant.

A. J. WALKER, C. J.—Section 2389 of the Code of 1852, is in the following words : " *When a plaintiff brings a suit, which he suffers to abate by the death of the defendant or other cause ;* or where the suit abates by the death of the plaintiff, and his representatives fail to revive the same, judgment for costs may be rendered *against such representatives* in the name of the officers of the court, and are paid as other claims against such estate." The first clause of this section is incomplete, and cannot be supplemented by anything which follows. As it is, it fails to prescribe that judgment might be rendered in favor of the officers of

the court against plaintiff, in the contingency of a failure to revive, after an abatement by the death of the defendant. It would substitute conjecture as to what the legislature would have said, if it had spoken on the subject, for construction of what it did say, for the court to supply what is necessary to authorize the judgment for costs in the name of the officers of the court against the plaintiff by an abatement by the defendant's death.—*Garrison v. Burden*, MS., 5th Div. 4184, by Judge J., 15th Jan. 1867. There was no authority to render the judgment for costs in this case against the plaintiff in favor of the officers of court. The judgment was a nullity, and no execution could legally issue on it.—*Patterson v. Officers of Court*, 11 Ala. 740. The court erred in not quashing the execution and vacating the judgment.

The "officers of court" can have no capacity to sue or be sued, except as authorized by statute. They have no corporate capacity. There is therefore no party appellee in this case. The appeal must be dismissed because an appeal is the appropriate remedy, only when there are parties on both sides. The appellant's redress is by mandamus.—*Patterson v. Officers of Court*, supra; *Ex parte* Swan, 23 Ala. 192; *Moore & Cocke v. Bell*, 13 Ala. 459; *Walford v. Alexander*, 12 Ala. 280.

The Revised Code, § 2794, (2389,) remedies the defect of the Code of 1852. It may have been the province of the codifyer to supply the defect, but it is not that of a court, whose authority is restricted to the duty of construction. The proceedings in this case were had before the Revised Code became the law of the State.

Appeal dismissed.