## STANMYRE, Adm'r, *vs.* FOSTER et al.

[FINAL SETTLEMENT OF A DECEASED GUARDIAN'S ACCOUNTS BY ADMINISTRATOR.]

1. *Administrator of deceased guardian; extent of liability.*—An administrator of a deceased guardian, on final settlement of his intestate's guardianship, is liable only for the assets which have come to his hands.
2. *Same.*—Whether any execution can be issued on such a decree as was rendered in this cause, or what the proper mode of its enforcement is, *Quere ?*

APPEAL from the Probate Court of Baldwin.

PROCEEDING by petition to compel an administrator of a deceased guardian to make a final settlement of his intestate's guardianship. It appears that on the 25th April, 1857, Charles Foster, appellant's intestate, was appointed by the probate court of Baldwin county, guardian of the appellees, and that he died without having made any settlement of his accounts as such guardian, and the appellant was appointed his administrator on the 3d September, 1866. The petition was filed on the 12th August, 1867. On the 24th September, 1867, the following decree was rendered in the cause : "Charles Foster, now deceased, former guardian of the persons and estate of said Emma Foster, Richard Foster, and Blanch Foster, having departed this life without having made a final settlement of his said guardianship, and James H. Stanmyre, the administrator of the estate of said Charles Foster, deceased, having been heretofore cited, by order of this court, to file the statements, accounts and vouchers of said Charles Foster, deceased, for a final settlement of said guardianship, and he having failed to file any account or vouchers for such settlement, and the court having heretofore, to-wit, on the 24th day of August, 1867, stated said account against the said Charles Foster, deceased, from the materials in the office of the judge of this court, and the hearing thereof having been regularly set down for this day, and the publication of the

time of said hearing having been made ; now comes Ben Lane Posey, attorney for said Emma Foster, Richard Foster, and Blanch Foster, and moves the court to proceed with such hearing, and for a decree allowing and passing said account as heretofore stated. Also, comes John Hall, attorney for said James H. Stanmyre, administrator as aforesaid, and objects to the petition of the attorney of said Emma, Richard, and Blanch Foster, that said administrator be cited to file the account of the said Charles Foster, as guardian aforesaid, for final settlement. First, that said petition is not signed, and sworn to according to law ; second, that said estate is insolvent, and that there are not assets of said estate in the hands of said administrator sufficient to pay such claim in said petition set forth ; third, that he was appointed administrator of the estate of Charles Foster, by a court on the 3d day of September, 1866 ; and said objections being overruled by the court, and J. M. Wooden, who was heretofore duly appointed by this court, guardian *ad litem*, to represent and protect the interest of Blanch Foster, who is the only minor interested in the matter of such settlement now appearing in open court, and consenting to act as such guardian *ad litem*, the court proceeded to the consideration of said account and settlement, and the evidence submitted in the premises. Thereupon, it is shown by due proof, and to the satisfaction of the court, that the said Charles Foster had, before and at the time of his death, received of assets of said Emma, Richard, and Blanch Foster, under said capacity as guardian aforesaid, the sum of $660, that the said Charles Foster had expended nothing for on account of said wards, from which it appears that the said Charles Foster, as such guardian, was justly indebted to his said wards at the time of his death, in the said sum of $660, with ten years, one month and twenty-four days interest, to-wit, $536, added to the principal, makes a total amount of $1,196, due and unpaid. It is therefore ordered, &c., that said account be passed and allowed, and that Emma Foster, Richard Foster, and J. M. Wooden, as guardian, as aforesaid, for the use of Blanch Foster, have and recover of the estate of said Charles Foster, deceased, in the hands of James H. Stan-

myre, to be administered, the sum of $1,196 00." The administrator appeals.

HALL & LABUZAN, for appellant.
POSEY & TOMPKINS, *contra*.

JUDGE, J.—The rendition of the decree in this cause, is alone assigned as error.

The decree is founded upon appropriate and proper proceedings, pursuant to section 2324 of the Revised Code, and we can perceive no error in its rendition.

Under the decree, however, appellant is liable only for the assets which have come to his hands.—Revised Code, § 2326. Whether any execution can be issued on such a decree, or what the proper mode of its enforcement is, we do not decide, as no such question is presented by the record. See the following authorities :—*Jenkins v. Gray et al.*, 16 Ala. 100; *Gray v. Jenkins*, 24 Ala. 516; *Howard v. Howard's Adm'r*, 26 Ala. 682.

Affirmed.