CALLER, by his *prochein amie*, DEWOLF *versus* SHIELDS, MALONE, LYON, et al.

1. Bills of review must be for error in point of law, apparent on the *face of the decree*—or for some new matter of fact relevant to the case, and discovered since publication passed ; and which could not have been discovered, by reasonable diligence, before.

2. The *errors in law*, against which relief can be had by a bill of review, must be such as arise rather from obvious mistake, or inadvertence, appearing on the face of the decree; or, (if the facts are not there stated) at least of record—than of alleged error in the deliberate judgment of the Chancellor on a debatable question of law, or of equitable right.

3. Bills of review will not be sustained on the ground of the discovery of new parol proof, relative to a fact, particularly in issue before the former hearing.

4. A new fact, not known to have existed at a former hearing, and which a party had no reasonable opportunity of ascertaining—may properly be the ground of a bill of review.

5. But where newly discovered evidence is in writing or of record, a review will be granted, notwithstanding, the fact to which such evidence alludes, may have been in issue before.

6. On a bill of review, (where the decree contains the facts on which it has been rendered,) a party will not be permitted to show, that matters decreed, are at variance, with other *proofs* in the cause : but must show *errors in law, apparent in the body of the decree; or new matter discovered since publication.*

7. The English rule of Chancery, formerly requiring that evidence of new matter, to authorise a bill of review, should have come to light after the *decree,* has been relaxed : and it is sufficient, if such new matter be discovered subsequent to publication.

8. A bill of review upon matter of fact, must be, by special leave of the court, and upon oath of the newly discovered matter.

9. A bill of review held, not grantable, on vague and uncertain allegations, where it appeared, that the party applying for it, had failed to avail himself of an appeal : and also, where, by the terms of the decree, he (being an infant) had six months after arriving of age, to contest the decree, sought to be reviewed.

In error from Washington Circuit court. The facts of this case, (which was decided in Chancery,) as condensed from the bill, answer and exhibits, &c. showed, that, one Lester having, in 1821, obtained a judgment against Winney Caller, the executrix of James Caller, deceased, an execution issued on the

same, was levied upon a certain tract of land, late of the estate of the deceased, and which having been sold, Shields became the purchaser. Subsequent to this sale, Malone and Lyon, alleging themselves creditors of Caller, in his life time, filed a bill in Chancery, shewing this indebtedness, and averring, that the tract of land sold by the coroner, on the execution of Lester, had been bequeathed by said Caller's last will and testament, to his youngest son, James S. Caller, [the present plaintiff;] that, at the time the coroner levied the said execution of Lester, on the land in question, there was sufficient personal property in the hands of Caller's executrix, out of which the judgment could have been discharged; but, which had since been sold under other executions: that no estate remained, by which the said debt of said Malone and Lyon could be discharged, save the tract of land alluded to. The bill prayed that the sale, under Lester's execution, should be set aside: that the land should be resold, to satisfy the demands of Malone and Lyon—and, that Winney Caller, the executrix, James S. Caller, [the complainant] and Shields, the purchaser, should be made parties.

At the October Term, 1825, the *Chancellor* rendered a decree, declaring that, the coroner, under the said execution of said Lester, had no authority to sell the land in question : decreed, that Shields should hold the same as trustee, for James S. Caller, the infant, (now complainant)—and, for the creditors generally of Caller, the testator ; and that the land should be held subject to the payment of Caller's debts, in a certain order: and, by a final decree, the land was ordered to be sold—giving James S. Caller, six months after his maturity, to contest the decree.

At this stage of the proceedings, the present bill was filed, for review; and under it, an order was obtained from the *Chancellor*, whereby the sale of the land was suspended.

The bill for review recited the particulars of the proceedings, under which the land had been ordered to be sold: averred that the tract of land had been willed to the complainant, by his father, and contained eleven hundred acres; and was the only specific legacy of the testator: that at the time of the testator's death, he was possessed of many large and valuable tracts of land, which had never been legally or equitably sold: that said testator, in his last will and testament, associated with said Winney, the executrix, one William Crawford, who neither acted or declined acting, as executor: That said Winney, by advice of Crawford, who acted as her attorney, conveyed certain property contrary to the directions of the will: that the estate of the testator had never been represented insolvent; or settled: that though a guardian *ad litem*, had been appointed by the court, which rendered the decree complained of, yet the said decree was made against the infant, without using any means to compel his answer. The bill further alleged, that Lyon, one of the defendants, being the administrator of one Gaines (who was indebted to the testator,) had retained out of the estate of Gaines, two thousand dollars, in payment of the debt of Malone and Lyon.

With other allegations, not material to be stated, the bill prayed relief, &c.: and, from all the facts, it appeared, that the grounds of review relied on, were, for matter apparent on the face of the record, to wit: that the complainant was an infant, and that his guar-

dian ad litem, had not appeared and defended: and for new matter, to wit: that the debt of Malone and Lyon had been discharged.

On demurrer the bill was dismissed.

SAFFOLD, J.—This is a bill of Review, filed by the present plaintiff against the defendants for a revision of the proceedings, and decree, in a suit in Chancery, previously heard and determined, in which Malone & Lyon, partners in trade, were complainants, Winney Caller, executor of James Caller, deceased, James S. Caller, the present complainant, and S. B. Shields, were defendants.

The object of the proceeding is to reverse the decree rendered in the case referred to, and prevent the sale of a tract of land alleged to have been specifically devised, to this complainant, by the will of said James Caller, deceased, his father. The land having been once sold by virtue of an execution against the estate of said deceased, was purchased by said S. B. Shields at the coroner's sale, the sheriff being a party in interest. The object of the bill filed by Malone & Lyon, was to annul the coroner's title, alledging illegality in the sale, and in which a decree was rendered declaring the sale illegal and void, and that the said Shields, the purchaser, should hold the same as trustee for said minor, James S. Caller, and the creditors generally of said deceased, according to the order of priority therein prescribed; and that said Shields, having paid the judgment, to satisfy which the sale was made, should stand in the place of the plaintiff therein, as a creditor. And further it was decreed that said lands should be sold for the purposes aforesaid, that a title should be made to

the purchaser, and that said James S. Caller, who as an infant, was represented in the suit by a guardian *ad litem*, should be allowed six months, after arriving at maturity, to impeach the decree.

On filing this bill of review an order was obtained from the Chancellor, directing a suspension of the sale of the land, which had been decreed as aforesaid.

The bill of review recites the proceedings and decree under which the land had been ordered for sale, and charges in substance, that the tract of land which had been devised to this complainant, was extensive and valuable ; that it was the only specific devise, or legacy, contained in the will of the deceased ; that the testator was, at the time of his death, siezed and possessed of many other large and valuable tracts of land, which had never been legally disposed of, or in any manner applied to the payment of the debts of the deceased. That by said will, Wm. Crawford, Esq. was constituted executor, to act jointly with said executrix, but that he has neither renounced nor accepted the appointment. That the executrix has acted in many instances by the advice of said Crawford, as her attorney, and among other such acts, has conveyed in trust to certain agents of pretended creditors of said testator's estate, several large and valuable tracts of land, when, *in fact*, the debts thus provided for, had been previously paid and satisfied. That said estate has never been declared insolvent, or in any manner finally settled. That though a guardian *ad litem* was appointed by the court to defend this complainant in said previous suit, brought against himself and others, yet the decree was made against the infant defendant without using any compulsory means to obtain his answer, and also without any answer from said exe-

cutrix. That Shields has been in possession of the premises since the year 1821, and that the rents and profits amount to more than the sum paid by him for the land.

The bill of review further alleges " that Lyon, one of said firm, being the administrator of F. H. Gaines, deceased, has retained from his estate about two thousand dollars in payment of the debts of Malone and Lyon due from the intestate on account of that sum being due from said Gaines," &c. That this complainant, being a minor as aforesaid, had not the assistance of counsel in the former suit, &c.

This bill prays that other lands belonging to the estate of said testator, may be sold in preference to the specific legacy to this complainant; and that the funds generally of various descriptions may be collected and applied to the payment of the debts against the estate.

To this bill, Shields, one of the defendants, filed a general demurrer, which being sustained by the court below, the injunction was dissolved, and the bill dismissed at the cost of the complainant.

The decree of the Circuit court disposing of the case in the manner above stated is the cause assigned for error.

I consider it unnecessary, and scarcely practicable to advert to all the facts contained in the bill, or presented in the argument. A great variety are comprised in a confused and irregular manner; the bill does not satisfactorily distinguish the *new matter* relied upon for relief, from the exceptions taken for *error in law* apparent upon the record, nor shew what portion of the new matter arose subsequent to the filing of the former bill. It does not state whether

the errors of record relied on arose out of the proofs made in the former suit, or whether they are *apparent on the face of the decree*; nor does it contain any specific assignment of errors in the former decree, or sufficiently explain why the matters now excepted to, were not relied upon and urged, in the former suit.

The rules of practice applicable to this subject appear to be, that bills of *review* must be for error in point of law, apparent on the *face of the decree*, or for some new matter of fact, relevant to the case, and discovered since publication passed, and which could not have been discovered by reasonable diligence before.[a] A bill of review will not be sustained on the ground that new parol proof has been discovered relative to a matter of fact, which was *particularly in issue* before the former hearing; but where a new fact is alleged which was not known to have existed at the former hearing, and which the party had not a reasonable opportunity of knowing, such may be a ground for a bill of review.[b] But if the evidence newly discovered be in writing, or of record, notwithstanding the fact was formerly in issue, in the same cause, a review may be granted[c]. It is also held, that "in arguing a demurrer to a bill of review nothing can be read but what appears on the face of the decree; but after the demurrer is overruled, the plaintiff is at liberty to read bill and answer, or any other evidence as at a rehearing; the cause being equally open." [d]— And upon a bill of this kind, when the decree sought to be reversed embraces the facts on which it was rendered, the party cannot assign for error that any of the matters decreed are contrary to other proofs in the cause, but must shew some error appearing in the body of the decree; or new matter discovered since

[a] 2 Jonn Ch 488, 2 Mnd. 408, 410. 1 Harrison 84.

[b] Harrison Ch. 85. 3 Marsh 121

[c] 3 Marsh. 121.

[d] 1 Harrison 85. 1 Atk. 290.

the decree was rendered or at least since the bill was filed.[a]

The true rule of Chancery practice to be collected as well from the cases referred to, as from the organization of our courts, is conceived to be, that the *errors in law,* against which relief can be had by *bill of review,* must be such as arise rather from obvious mistake, or inadvertence, appearing on the face of the decree, or (if the facts are not there stated) at least of record, than of alleged error in the deliberate judgment of the Chancellor on a debateable question of law, or of equitable right.    We think it objectionable in principle, and inconsistent with the plan of our judiciary, that the different Circuit Judges, each being vested with only the same jurisdiction and power, should exercise a revising and controlling authority over the decrees of each other, deliberately pronounced, perhaps on full discussion; or that even the same judge should exercise such control over his own decrees after they had been duly enrolled.

The party conceiving himself aggrieved, by the opinion of a Circuit Judge, whether in a suit at law, or in Chancery, has a convenient and adequate remedy by an appeal or writ of error to this court; and in any event, this is the *dernier* resort.    After any term of delay in the Circuit court, from filing a bill of review, or whatever other cause, either party after the final decree, has a right to prosecute an appeal, or writ of error, to this court.    In this respect our practice is different from the English course.    There, the revision in the higher court could only be had on appeal, the benefit of which the party could not always obtain.    This consideration may warrant some difference in practice under the differ-

[a] Harrison 85 1. Vern. 117, 216; 214.

ent systems.   But even in England, the practice ap-
pears to be much as above suggested.; a case repeat-
edly mentioned as an instance of such error apparent
on the face of the decree as will authorise a bill of re-
view, is the case of " an absolute decree made against
a person who, upon *the face of it*, appears to be an in-
fant.[a]"

ᵃMit. 66. 2
Madd. 538.
ᵇ2 JohnCh.
488.

In the case in New York, ( *Wiser* vs. *Blackly*,[b]) the
*Chancellor* remarks, "the error in law on which the
party relies, is in that part of the decree by which the
bond taken by the surrogate to the people, for the
fidelity of the guardian, is declared to be binding and
available, equally as if it had been taken to the infant.
This was a point *raised, discussed and decided upon due
deliberation, and it certainly is not a case of apparent
error, within the meaning of the rule.*

Farther it is ruled, that " *a fact* misunderstood by
the court, and not introduced into the decree, may be
a ground for an appeal, but not for a bill of review."[c]
Hence we arrive at the conclusion that so far as
respects the alleged *errors in law*, in the manner in
which they are stated in the bill, they are not such
as can sustain a bill of review ; but if available, the
relief should have been sought by appeal or writ of
error.

ᶜ2 Madd.
539. 1Harr
86

As respects the new matters *of fact* also relied on,
the rule has been shewn to require that it should be
something that has arisen, or been discovered, since
the decree was rendered, or at so late a period that ad-
vantage could not have been had of it in the former suit;
for unless this relief be thus limited and restricted, it
might be made use of as a means of vexation and op-
pression to the other party, and of unreasonably pro-
tracting the litigation.   The matter must also be " ma-

CALLER, &c. vs. SHIELDS, et al.

terially relevant and pressing upon the decree." And it must be different from that of the mere accumulation of witnesses to a litigated fact.    Though it was formerly holden in England that the newly discovered evidence must have come to light after the decree, so that it could not possibly have been had or used at the hearing, the practice in this respect has been since relaxed, as well there as here ; and it seems now not to be requisite that the new matter should have come to the parties knowledge *after the decree*; it is sufficient if it be discovered *subsequent to publication*, (*Livingston* vs. *Hubbs.*[a])    The rule farther is on the same authority, that a bill of review upon matter of fact, must be by special leave of the court, and upon oath of the newly discovered facts.

[a]3John Ch. R 124—3 Atk. 26— 2Madd.533

In this case there is not understood to have been any special leave granted for filing the bill, unless the order to stay the sale of the land be deemed sufficient.    Whether it be or not, is immaterial to this decision.    The alleged *error in law*, was the most plausible ground assumed by the bill, and was the one mainly relied on, but which we have held insufficient.    The ground of newly discovered matter as already remarked, is, like the other, stated in a manner so vague, uncertain, and indefinite, as to warrant no satisfactory conclusion.    The allegations respecting the $2,000 charged to have been received by Malone & Lyon, which we deem more worthy of consideration than any other falling under this head, do not explain the circumstances, or shew when it was so received, whether before or after they obtained the decree for the resale of the land.

The bill also prays a settlement of the estate of the testator : to this a two fold objection exists.    Enough

is disclosed to shew that several other persons not parties to this suit, are interested in the settlement of the estate, and would be affected by any decree for that purpose. And as a bill of review can only be sustained against the parties, or privies, to the former suit, the remedy is misconceived.

But, notwithstanding the defects and insufficiencies of this bill, as the complainant was a minor; (and is understood now to be near his maturity;) and as, by the provisions of the decree in favor of Malone & Lyon, he was allowed six monts after attaining his maturity to impeach it, it is hereby provided and declared, that this decree shall not prejudice his rights in the prosecution of any future bill, within the time heretofore allowed him, or, if that time should sooner expire, within six months from this time. With this qualification the judgment is affirmed.

TAYLOR, J. dissented.