## HALL, ADM'R, *vs.* HUDSON, ADM'R.

1. A paper purporting to be a decree on the final settlement of an estate, signed by the Judge of the Orphans' Court and filed among the papers of the cause, with the endorsement thereon, "Decree in Est. of J. H. deceased, filed 2d Monday, April, 1847," also signed by the judge, is not the judgment of the court until entered of record.

ERROR to the Court of Probate of Tuskaloosa.

On the final settlement of the estate of James Hudson, deceased, which was had at a special term of the Orphans' Court of Tuskaloosa County, on the second Monday in April, 1847, the presiding judge made out his decree of distribution, in which he decreed four hundred and seventeen dollars to the administrator of James Hudson, Junr. This decree was signed by the judge, and endorsed, "Decree in Est. of James Hudson, deceased. Filed 2d Monday April, 1847," (the endorsement also being signed by him,) and filed among the papers of the cause in the office of the clerk; but no entry of record in relation thereto was made. On the 12th of July, 1850, a *scire facias* issued in favor of the administrator of James Hudson, Junr. alleging the rendition of the decree, and that no execution had issued thereon, and calling on the administrators of James Hudson, Senr. to show cause why execution should not issue. The defendants appeared, and pleaded "nul tiel record" to the *scire facias*, and judgment was rendered for them. The facts as to the decree not being recorded, &c. appear from a bill of exceptions which was taken on the trial.

P. & J. L. MARTIN, for plaintiff in error:

The only question presented in this case arises upon the construction of the statute to be found in Clay's Digest, 304, §§ 42, 37.

We contend that the decree rendered in the case by the Judge of the Orphans' Court, is complete, as here presented; that the requisition upon the clerk to enter it upon the record, can have no effect whatever upon its validity, whether performed or not. The section is directory to the clerk.

ORMOND & NICOLSON, for defendants:

What is a judgment? It is the mind or determination of the court, audibly expressed, and recorded by the appropriate organ of the court, and when so recorded imports absolute verity. It follows necessarily, that until it is so recorded it is not a judgment. There cannot, at common law, be a court of record without this ministerial officer to register its determinations, and when so registered they become records.

3 Black. Com. 24; 6 Bac. Ab. title Scire Facias; 2 Saunders, 71, marginal note 2, which shows that scire facias will only lie upon a judgment.

It is true, that by statute the judge is in some instances also the clerk of the court, but that does not change the principle in the slightest degree, nor supersede the necessity of the registration of the decision. In such cases the judge acts in both capacities, and in such cases the recording of the opinion or decision of the court is just as necessary to constitute a judgment as if the offices were held by different persons.

What, then, is called the judgment in this case? It is a mere written statement of the judge, signed by him, on a loose paper, without any registration or recording thereof, or any minute, note, or memorandum made of it on any of the books of the office. And this paper, without any authentication further than is evidenced by the paper itself, because, nearly four years afterwards, it is found in the file of papers of the cause of which it purports to be the judgment, is called the judgment of a court of record. This is not such a solemn act that an execution can issue thereon to deprive a citizen of his property.

2. We have stated the common law idea of a court of record, in exact conformity to which is the statute creating this court. A clerk is provided for the court, whose duty is to enter "all orders and decrees made by the court," Clay's Digest, 297, § 2; and until this is done, neither at common law nor under this statute, is there any judgment or decree of the court upon which process can issue. We admit that a judgment or decree imperfectly entered, or omitted to be entered by the clerk, where the evidence of the rendition of the judgment exists in an authentic form, may be rendered *nunc pro tunc.* But the question here is not to amend the judgment or enter it *nunc pro tunc,* but to revive it, that is, we are called on to show cause why the party should not have execution of his judgment.

GOLDTHWAITE, J.—The legal issue upon the plea of nul tiel record was, in the opinion of the court, correctly determined. The Orphans' Court was a court of record, and the entry of the judge, however full it might be, did not be-

come the judgment of the court until entered of record. 3 Blackstone's Com. 24. The statute (Clay's Digest, 304, § 42) was not intended to alter this rule, but to authorize the issue of executions against an executor or administrator for the amount decreed, after it had become the judgment of the court, as in case of judgments at law.

·· We do not, by this decision, determine that a judgment of the Orphans' Court can be revived·by *scire facias,* understanding the counsel to waive all other points than the one determined.

The judgment is affirmed.