# *Ex parte* Gresham.

| 82  | 359 |
|-----|-----|
| 110 | 483 |
| 82  | 359 |
| 113 | 233 |

*Application for Mandamus to Chancellor, in matter of Rehearing.*

1. *Rehearing of decree rendered in vacation.*—When a decree is rendered in vacation, an application for a rehearing may be made by the second day of the next ensuing term, and, when so made, is governed by the same rules that apply to other applications for a rehearing (Rules of Chancery Practice, Nos. 80, 82; Code, p. 173); and while it is provided that the petition "must be confined to the case made by the record," this provision does not exclude the presentation and consideration of extrinsic facts, when relevant and pertinent to the case made by the record, and duly verified by affidavit.

2. *Rehearing of consent decree.*—Generally, a rehearing will not be granted, when the decree was rendered by consent of the parties, or of their solicitors duly authorized; but one of the exceptions to this general rule is, that a rehearing may be granted for reasons sufficient to authorize the setting aside of the consent, or agreement under which the decree was rendered.

3. *Rehearing discretionary.*—Rehearings, in equity, are matter of discretion ; and the exercise of this discretion is not revisable, either on appeal, or by *mandamus*.

APPLICATION by S. Gresham, by petition, for a writ of *mandamus* from this court to the Chancery Court at Montgomery, Hon. JNO. A. FOSTER presiding, requiring him to set aside and vacate an order or decree rendered in a cause pending in said court, wherein Mrs. A. A. Ware was the complainant, and said Gresham and others were defendants; which decretal order granted a rehearing of a decree rendered in said cause by consent, in vacation. The bill was filed by Mrs. Ware in February, 1882, and sought, principally, to redeem a house and lot in the city of Montgomery, which she had mortgaged to said Gresham; the mortgage also conveying a tract of land in Elmore county, which belonged to Robert Y. Ware, who executed the mortgage jointly with Mrs. Ware, she being only his surety for the debt; and the bill sought to have this tract of land first appropriated to the payment of the mortgage debt, offering to pay the balance due, if any, after an account of the rents and profits. On appeal to this court, at the last term, the decree of the chancellor was partly affirmed, and partly reversed.— *Gresham v. Ware,* 79 Ala. 192.

At the next ensuing term after the remandment of the cause, on April 22, 1886, an order was entered in the cause, in these words: "It is agreed between the parties, that this cause be submitted for final decree in vacation, within ten days after the register's report is filed, on the report and exceptions, if any, and for final decree." The register adjourned the reference, from day to day, on account of a pending proposition of compromise, until the 9th June, 1886, when he proceeded to state an account, and ascertained and reported that the balance due S. Graham, after deducting all credits, was $16,889.19. Immediately after this report, as copied in the transcript, but without date, is an agreement in writing, signed by the counsel of all the parties, in these words: "We, the solicitors of the parties to the above stated cause, have examined the foregoing report of the register, and find the same free from objections; and we hereby waive any right we may have to except thereto, and consent that the same may be immediately and in all things confirmed by the chancellor, and that a final decree be rendered in said cause in compliance therewith." This being the state of the case, the chancellor rendered a decree, which is dated June 11th, 1886, but marked by the register "Filed in office June 16th, 1886," by which, after stating the consent and agreement, he ascertained and decreed that the balance due Gresham was $16,889.19; ordered a sale of the plantation in Elmore county, called the "Molton place," unless this amount was

paid by the complainant within thirty days, and the pro-
ceeds to be applied to the satisfaction of said Gresham's
mortgage debt ; and further directed the register, if said
mortgage debt was not paid in full by the proceeds of said
sale, to advertise and sell Mrs. Ware's residence in the city
of Montgomery, in satisfaction of the balance remaining
unpaid.

Another agreement in writing, signed by the counsel of
all the parties, and marked by the register "Filed in office
June 16th, 1886," is copied into the transcript, in these
words :   "In the above stated cause it is agreed, that the
Molton place, described in the pleadings, shall be held by
the defendant T. C. Bingham, freed from all claims of every
nature, and that the final decree may be credited with $7,000
as the price of the said Molton place.   It is agreed, also,
that said Molton place shall not be sold under said decree,
but shall be held as aforesaid by said Bingham.   It is
further agreed, that the thirty days given by said decree for
payment by complainant of the mortgage debt, remaining
unpaid after sale of the Molton place, is hereby waived ;
and we agree that Mrs. Ware's town residence, described in
the pleadings, may be immediately advertised for sale under
said decree."   On the 8th July, 1886, Gresham's solicitors
required the register, by notice filed with him, to advertise
and sell the property under the decree ; and he accordingly
advertised and sold the Molton place, T. C. Bingham be-
coming the purchaser at the price of $7,200, and reported
the sale to the court.   Mrs. Ware objected to the sale, and,
before it was made, filed a petition to set aside the consent
decree under which it was made ; the alleged ground being,
that it was a part of the agreement, under which the
consent was entered into, that Gresham would receive
$6,500 in full payment of the balance due him, after de-
ducting $7,000 as the agreed value of the Molton place, and
that he refused to carry out this part of the agreement.
At the next ensuing term, within the first two days, she also
filed a petition asking a rehearing of the consent decree,
on the same grounds stated in her former petition ; and a
petition was filed by her solicitor, asking to be relieved from
the written agreement, on account of Gresham's refusal to
comply with said verbal stipulation.   Each of these appli-
cations was verified by affidavit, and demurrers were filed
by Gresham to each of them.   On the hearing of the peti-
tions, the chancellor rendered a decree setting aside the
consent decree, and granting a rehearing, unless Gresham
complied with said stipulation by accepting $6,500 in full
satisfaction of the debt due from Mrs. Ware.   A *mandamus*

from this court is now asked, to compel the. chancellor to set aside this order and decree.

ARRINGTON & GRAHAM, and R. M, WILLIAMSON, for the petitioner, cited *Bradish v. Gee*, Ambl. 229 ; *United States v. Babbitt*, 104 U. S. 767 ; *Williams v. Williams*, 7 Gill, 302 ; 59 Md. 46 ; *Cunningham v. Schley*, 68 Ala. 105 ; 1 Cowen, 691 , 709 ; *Collins v. Rose*, 59 Ind. 33 ; 1 Herman on Estoppel, 49 ; 2 *Ib.* 963.

TROY, TOMPKINS & LONDON, *contra*, cited Seton on Decrees, 774 ; *Davenport v. Stafford*, 8 Beav. 508 ; *Furnival v. Bogle*, 4 Russ. 142 ; *Attorney-General v. Tomline*, 7 Ch. D. 388.

CLOPTON, J.—This is an application for a *mandamus* to compel the chancellor to set aside an order, granting a rehearing of a consent decree rendered in vacation, in a cause pending in the Chancery Court for Montgomery county, and which was granted on affidavits filed.

Rule 80 of Chancery Practice, after providing that, when a cause is submitted in term time.for a decree, such decree shall be valid if rendered during vacation, and for the entry of the decree on the minute-book, and its enroll-ment, provides further : "When the decree is rendered in vacation, either party may apply for a rehearing, by the second day of the next ensuing term of said court." The purpose of the rule is unmistakable. Without it, the power of the chancellor over the decree would have ter-minated on its enrollment. It was intended to extend to either party the opportunity and right to apply for a rehearing within the time limited by the rule ; and on such application being made, that the decree shall be in the power of the chancellor in respect to granting a rehearing, in the same manner, and to the same extent, as when a rehearing is applied for during the term in which the decree is rendered. The rule provides, generally, that an appli-cation for a rehearing shall be made, without prescribing the mode of proceeding. The manner in which the ap-plication shall be made, the contents of the petition, and the mode in which the chancellor shall proceed, are subject to the regulations of Rule 82. The provision of the latter rule, that "the petition must be confined to the case made by the record," does not exclude the presentation and con-sideration of extrinsic facts, if relevant and pertinent to the case made by the record; for such construction would make nugatory the express provision, that "the facts, if they do not appear from the records of the court, must

[Welsh v. Coley.]

be verified by the affidavit of the party, or some other person."

The general rule is, that a rehearing will not be granted, when the decree is rendered by the consent of the solicitors, binding on the parties to the suit; but there are some exceptions to the general rule. One of the exceptions is, that a rehearing may be granted, for reasons sufficient to enable the court to set aside the agreement or consent, by which the decree was rendered.—Seton on Decrees, 774; *Attorney-General v. Tomline*, 7 Chan. Div. L. R. 388. On this application, we can not consider the sufficiency of the reasons set forth to set aside the agreement, though the chancellor may have regarded them as sufficient, so far as to enable him to grant a rehearing. Though they may become material hereafter, they are not now properly before us for consideration. Rehearings, in equity, rest in the sound discretion of the chancellor; and when the discretion is exercised, his decision is not revisable, either on appeal, or by *mandamus*.—*Lyon v. Bolling*, 14 Ala. 753; *Brumagim v. Chew*, 19 N. J. Eq. 337; *Travis v. Waters*, 1 Johns. Ch. 48; *Mills v. Banks*, 3 P. W. I.

*Mandamus* denied.