# Shine *v.* Bolling.

*Bill in Equity by Landlord, for Account and Injunction. against Waste.*

1. *Decree in vacation, under submission in term time.*—Under statutory provisions, a chancellor may render a decree in vacation, "by consent of parties or their counsel" (Code, § 3897), and it is not necessary that the consent shall be in writing; and under the rules of practice authorizing the rendition of a decree in vacation under a submission in term time (Rule No. 80; Code, p. 172), such submission operates by way of consent that the decree may be so rendered; but, when a cause is submitted in term time, and the chancellor then makes a decretal order of reference, he can not receive and confirm the register's report in vacation, thereby depriving a party of the opportunity to file exceptions to it.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 18th January, 1886, by Samuel J. Bolling, against John T. Shine; and prayed an account of waste committed by the defendant on lands leased to him by the complainant, and an injunction against further waste. After answer filed, the cause was submitted during the August term, 1886, on pleadings and proof; and the chancellor rendered a decretal order of reference to a special register. The special register made a report, which is dated October 23d, 1886, but, as a memorandum of the register states, was not marked filed. On November 4th, in vacation, the chancellor rendered a decree, which commences thus: "This cause is submitted in vacation, on motion to confirm the register's report, on motion to attach the defendant for contempt in disobeying the injunction, and on motion to appoint a receiver to take charge of certain property, which complainant alleges that defendant has fraudulently disposed of. On consideration, it is ordered that said report be in all things confirmed," &c; that the defendant be attached for contempt, and that a receiver be appointed as prayed. The defendant appeals from this decree, and here assigns each part of it as error.

R. E. STEINER, for the appellant, cited *Rogers v. Torbut,* 58 Ala. 523; *Forrest v. Luddington,* 68 Ala. 1.

GAMBLE & RICHARDSON, *contra.*

[Shine v. Bolling.]

SOMERVILLE, J.—The statute provides that, when practicable, chancellors must render their decrees during the session of the court at which the cause is heard; but they may, in difficult cases, render a decree in vacation, within six months after the hearing.—Code, 1876, § 3896. But, "Chancellors may make orders and render decrees at any time, by consent of parties or their counsel."—Code, § 3897. The 80th Rule of Chancery Practice (Code, 1876, p. 172) is not in conflict with these statutes. It declares that, "when a cause is submitted during term time, for a decree or order, such decree shall be valid if rendered during any vacation." The effect of this rule is to make a submission under it operate by way of a consent of parties, or their counsel, which is not required by the statute to be a written consent. A consent *in judicio* is sufficient.

This cause was submitted for decree, on the pleadings and proof, on August 28, 1886. It may be that this submission would have operated by way of consent, to authorize the chancellor to render a decree upon the merits of the cause in vacation. This, however, he did not do, but simply made an order of reference to the register, to state an account as to the value of the timber removed from the premises in controversy by way of waste. This decree was interlocutory, not final. But the chancellor had no authority, under this submission, to order the taking of such an account, and to confirm the same in vacation, without allowing the defendants an opportunity to file exceptions to it in the usual mode authorized by the 93d and 94th Rules of Chancery Practice. The latter rule requires the report of a register to be read in open court, at least one day before being confirmed, so as to allow the parties to the cause to file exceptions to any portion of it injuriously affecting their rights. This right was never intended to be waived, and was not waived by the appellant.

The decree will be reversed for the error of confirming the register's report, before the appellant had an opportunity to file exceptions to it.

Reversed and remanded.