(84 South. 820)

ZANER et al. v. THROWER et al.
(7 Div. 924.)

(Supreme Court of Alabama. Nov. 27, 1919. Rehearing Denied Feb. 5, 1920.)

1. EQUITY ⬤➝446—BILL OF REVIEW LIES TO PREVENT ENFORCEMENT OF ERRONEOUS CONCLUSION OF LAW.

On a bill of review the decree will be referred to the pleading and other proceeding had in the cause, and when so considered, if it is apparent that the court has declared and enforced an erroneous conclusion of law, affecting the rights of the parties, the bill will be maintained, but every error other than this must be corrected by appeal or by other appropriate action in that nature.

2. EQUITY ⬤➝426—POWER OF COURT OF CHANCERY TO ENTER DECREE DURING VACATION STATED.

Under rule 78 of the chancery court (Code 1907, p. 1552), and section 3207, relating to the entry of decrees or orders, a decree should be rendered in term time if practical, but the chancellor is empowered and authorized to reserve the rendition of the decree until vacation, and may render such decree at any time before or during the next ensuing term.

3. EQUITY ⬤➝428—DECREE RENDERED IN ONE COUNTY MAY BE REDUCED TO WRITING BY THE CHANCELLOR IN ANOTHER COUNTY.

A decree in a cause heard at a place where the chancery court is authorized to sit is not void because the chancellor reduced it to writing in another county and dated it at that place, where it appeared that he was within the territorial area for which he was elected.

4. EQUITY ⬤➝460—ON BILL OF REVIEW PRESUMPTIONS AGAINST PLEADER AND IN FAVOR OF DECREE.

On bill of review attacking a decree as rendered at a place other than that the place where the court was by law required or authorized to be held, where it does not appear from the bill and exhibits that it was not rendered in open court in the proper county or caused to be filed while the court was in session, the presumptions are against the pleader and in favor of the decree.

5. VENDOR AND PURCHASER ⬤➝250—CONVEYANCE OF INTEREST UNDER TRUST HELD TO SUPPORT VENDOR'S LIEN.

Where parents in conveying land to a son impressed it with a trust in favor of a daughter, and she conveyed her interest to the son in consideration of notes, she could enforce a vendor's lien on nonpayment of the notes.

6. BILLS AND NOTES ⬤➝92(6)—NOTES FOR CONVEYANCE OF INTEREST UNDER TRUST NOT WITHOUT CONSIDERATION.

Where parents in conveying land to a son impressed it with a trust in favor of a daughter, notes executed to her by the son in consideration of her conveyance of her interest in the land were not without consideration.

7. EVIDENCE ⬤➝419(2)—TRUE CONSIDERATION MAY BE SHOWN BY PAROL.

The true consideration of a deed from parents to children may be shown by parol.

Appeal from Circuit Court, Cleburne County; A. H. Alston, Judge.

Bill by George Zaner and others against A. B. Thrower and others for review or to cancel a decree of sale as a cloud on complainants' title. From a decree sustaining demurrers to the bill, the complainants appeal. Affirmed.

As alleged in the bill in the present case, the defendant Margaret E. Green is the daughter of Jane Zaner, and plaintiffs are the wife and children of Bailey Zaner, a son of Jane Zaner. Jane Zaner and her husband conveyed land to Bailey Zaner and his brother, which the grantees subsequently divided. Margaret E. Green executed a deed to Bailey Zaner on a recited consideration of $400, purporting to convey her interest in such land. It seems that notes were executed to her by Bailey Zaner, but it is alleged that she had no interest and that the notes were without consideration. She brought suit against W. C. McMahan, administrator of Bailey Zaner, and the present plaintiffs, seeking to enforce a vendor's lien alleged to have arisen in her favor by reason of such conveyance, claiming a balance due of $300, and asking that the land be sold. A decree was rendered in her favor, the land was sold, and the present bill is to review and set aside the proceedings and decree in that suit and the sale of the land. The bill alleges that in the former suit the cause was submitted for final decree on pleading and proof on April 29, 1915, and on May 22, 1915, the chancellor rendered a final decree in the cause at Anniston, Calhoun county, Ala. The decree shows that it

---

⬤➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was so rendered at Anniston, and not at Heflin, the place appointed for the holding of the chancery courts of Cleburne county. The original bill attacked the proceedings in the former suit on various grounds. An amendment attacks them on the further ground that the decree of sale and decree confirming the register's report of sale are each void, because rendered at Anniston, Ala., a place other than the place where the chancery court of Cleburne county is by-law required or authorized to be held.

Richard B. Kelly, of Birmingham, and T. A. Johnson, of Heflin, for appellants. As to the office and functions of a bill of review, see the following: 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; 79 Ala. 319; 97 Ala. 458, 12 South. 48; 10 Ala. 667; 39 Ala. 409; 69 Ala. 65; 70 Ala. 479. No lien attaches where the land is conveyed as a gift. 39 Cyc. 1300; 16 Ala. 33; 164 Ala. 323, 51 South. 348. Under the facts in this case, the court erred in sustaining the demurrers. 62 Ala. 107; 34 Ala. 508; 57 Ala. 428. Under the provision of Acts 1915, 135, all the statutes and rules which authorize the rendition of decrees and in vacation are repealed, because there is no vacation. 82 Ala. 415, 2 South. 533; 1 Wash. 330, 26 Pac. 535; 63 Wis. 173, 23 N. W. 428; 42 Pac. 167; 60 Cal. 541.

W. B. Merrill, of Heflin, for appellees. No brief reached the Reporter.

THOMAS, J. The appeal is from a decree sustaining demurrer to the original bill of review or to cancel a decree of sale and proceedings thereunder as a cloud on complainants' title. Two questions are presented: (1) Whether the final decree of sale of said land by the chancery court, of date May 21, 1915, was void; and (2) whether in the record and proceedings of the chancery court for said sale there is an error of law apparent upon the record that would authorize the circuit court, in equity, to set aside said former decree and proceedings by the chancery court for the sale of the land.

Under the statute, application to file bills of review must be presented to the court within three years after the rendition of the decree, except in cases of infants and persons of unsound mind, who may apply within three years after the termination of disability. Code 1907, § 3178; Manegold v. Beavan, 189 Ala. 241, 66 South. 448; Caller v. Shields, 2 Stew. & P. 417, 427; Stuart, Trustee, v. Strickland, ante, p. 502, 83 South. 600.

When the final decree sought to be reviewed has been executed before the filing of the bill of review—

"and a simple reversal will not repair the injury resulting from it, a prayer for the further decree of the court to put the party complaining into the condition in which he would have been if the decree had not been executed, is proper and usual. Story's Eq. Pl. § 420; Mitford's Eq. Pl. 188. The restoration of parties to the plight and condition in which they were, at and prior to the rendition of an erroneous judgment, or decree, and the restitution of all advantages the party obtaining it may have acquired by its enforcement, upon reversal, it is the spirit and policy of the law to promote and compel, when there are not facts or circumstances which may render restitution inequitable. 3 Bac. Ab. Error, §§ 3, 389; Freeman on Judgments, § 482; Marks v. Cowles, 61 Ala. 299. In Bank of U. S. v. Bank of Washington, 6 Peters, 17, * * * it is said: 'On the reversal of the judgment, the law raises an obligation on the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost. And the mode of proceeding to effect this object must be regulated according to circumstances.' " McCall v. McCurdy, 69 Ala. 65, 70; Sims Ch. Prac. p. 414.

[1] In a bill of review the decree will be referred to the pleading and other proceeding had in the cause. When so considered, if it is apparent that the court has declared and enforced an erroneous conclusion of law, affecting the rights of the parties, such a bill will be maintained. Error other than this, intervening in the regular or orderly procedure of the cause, must be corrected by appeal, or by other appropriate action in that nature. Jordan v. Hardie, 131 Ala. 72, 76, 31 South. 504; Vary v. Thompson, 168 Ala. 367, 370, 52 South. 951; McCall v. McCurdy, supra.

All the parties to the chancery proceedings and the purchaser at such sale are made parties to the instant bill. There is no prayer that the purchaser be restored to his former status quo. It may be that in the event of recovery by complainants, under the general prayer of the bill, an appropriate decree would afford such purchasers such relief as the facts may warrant and the circumstances of the parties may permit.

Appellants insist that the decree sought to be reviewed was void, in that it shows on its face that the cause was pending in the chancery court at Heflin, in Cleburne county, and the decree was dated at Anniston, Ala., May 21, 1915. The record shows that at the April term (April 29), 1915, in said court and in Cleburne county, the cause of Margaret E. Green v. W. C. McMahan, Administrator, was "submitted at said term of this court for final decree on pleadings and proof as noted by the register, and by consent held for decree in vacation"; that upon consideration thereof the court was of opinion that complainant was entitled to relief and to have a lien declared and enforced on three promissory notes described in the bill, which amount, with interest, is found to have been $684.20. The decree further ordered that—

"Unless respondents pay to the register of this court for complainant said sum of $684.20

and all the costs herein, within 20 days from the enrollment of this decree, the register is ordered and directed to enforce said lien by selling said lands to the highest bidder for cash at public outcry, in front of the courthouse door in Heflin, Ala., after advertising the same. And upon the purchaser complying with the terms of said sale by paying the purchase price in full, the register will make said purchaser a deed to said lands, which deed shall have the effect, when said sale is confirmed by this court, of vesting in said purchaser all the right, title, and interest, claim and demand of all parties to this suit in and to said lands, both in law and in equity."

The decree further directed the register to pay, out of the proceeds of the sale, the court costs, and then apply the balance to the payment of said $684.20, with interest, and after paying said sums, if there is a surplus, the register will hold the same subject to the further orders of the court; that the register will file his report of said sale as soon as practicable, the same to remain on file for ten days, during which time objections and exceptions may be filed, and after the expiration of said time, "the papers may be sent to the chancellor for further decree thereon. Decreed at Anniston, Ala., this May 21, 1915, W. W. Whiteside, Chancellor." The indorsements appearing of record on the decree are: "Filed and enrolled May 22, 1915. Joe L. Groover, Register. Minutes C. pp. 285, 286." The decree and subsequent orders will be presumed to have been duly enrolled by the register on the minutes of that court in Cleburne county, at Heflin, Ala., pursuant to law, in the state of the abridged record presented as by agreement of counsel, of date December 4, 1917.

It is provided that—

"Decrees must be rendered in writing, in term time, if practicable; but in cases deemed by the chancellor difficult, he may reserve the rendition of decree until vacation, and may render it at any time before or during the next term." Code 1907, § 3207.

This statutory provision finding place in the Code of 1852 as section 3006, with slight modifications not here material, has been embraced in each subsequent Code. Rule 78, governing practice in the chancery court (Code 1907, p. 1552), is as follows:

"When a cause is submitted during term time for a decree or order, such decree shall be valid if rendered during any vacation. When any decree or order is made by a chancellor in vacation, it shall be the duty of the register, as soon as the same is filed in his office, to enter the same at length on the minute book of the court immediately after the minutes of the previous term, and the same shall be considered as enrolled from and after such entry, which shall be dated; but if said decree be other than for the payment of money, no process for its execution shall issue thereon until the next ensuing term of the court, unless the complainant, or his solicitor, shall have given to the defendant, or his solicitor, ten days' notice in writing of his or their intention to have the execution of the decree, which notice shall be served by the sheriff, and filed with the register, as a paper in said decree. When the decree is rendered in vacation, either party may apply for a rehearing by the second day of the next ensuing term of said court."

[2] The effect of this rule is that the decrees by chancery courts shall be rendered in term time, if practicable; but the chancellor is empowered and authorized to reserve the rendition of the decree until vacation, and may render such decree at any time before or during the next ensuing term. Hooper, Adm'r, v. Strahan, 71 Ala. 75; Forrest's Ex'rs v. Luddington, 68 Ala. 1, 15, overruling Rogers v. Torbut, 58 Ala. 523. Construing such chancery rules, this court has declared that decrees in vacation, contrary to said rules, are void. Ex parte Branch, 63 Ala. 383; Adams v. Wright, 129 Ala. 305, 30 South. 574. However, to support a decree in vacation, consent that the chancellor may hold the same for such decree need not be in writing; it being held in Alder v. Van Kirk Land & Const. Co., 114 Ala. 551, 21 South. 490, 62 Am. St. Rep. 133, that the submission of the cause operated by way of consent. The right of the chancellor to receive and confirm a register's report in vacation under a decree rendered in vacation was denied in Shine v. Bolling, 82 Ala. 415, 2 South. 533.

In such cases due regard was had to the fact that the parties to a decree rendered in vacation were given the right, by rule 78, to apply for a rehearing by the second day of the next ensuing term of the court. Ex parte Gresham, 82 Ala. 359, 362, 2 South. 486; Georgia Pac. Ry. v. Gaines, 88 Ala. 377, 382, 7 South. 382; Stein v. Dahm, 96 Ala. 481, 11 South. 597. The distinction between a decree in vacation in a cause submitted in term time under rule 78 and a consent by the parties for a decree rendered in vacation under rule 79 (Code 1907, p. 1553) is noted in Adams v. Wright, supra, 129 Ala. 306, 30 South. 574.

Chancery rule 81 (page 1553) requires that a party desiring a rehearing of a decree must apply to the chancellor at chambers, by petition, during the term in which the decree is rendered, stating the special matter or cause on which the rehearing is applied for, the principal points on which the decree is alleged to be erroneous; on which petition the chancellor must determine, without argument, whether the cause ought to be reheard, and, if he concludes to grant a rehearing, order accordingly, but declining, no order is necessary to be made. The pleading and practice in such matter is discussed, and the holding that such rehearings are rested in the sound discretion of the chan-

cellor is made, in Ex parte Gresham, supra; Cox v. Brown, 198 Ala. 638, 73 South. 964, 966.

In connection with the foregoing rules, statute, and decisions, it must be noted that chancery rule 1 declares that courts of chancery shall be deemed always open only for the purposes therein declared. Under said rule it was held that in vacation the chancellor may confirm a report of foreclosure sale under a decree rendered in term time (Ex parte Branch, supra), and to make an order of reference before the register out of the regular term was held unauthorized. Whetstone v. McQueen, 137 Ala. 301, 316, 34 South. 229. A liberal construction has been given rule 1 of chancery practice. This was necessary to effectuate the purposes of its adoption. A narrow construction would cripple the powers of the court. Pursuant to the reason underlying the foregoing rule and decisions, chancery rule 1 (Code 1907, p. 1529), indicating and limiting the purposes for which the chancery court "shall be deemed always open," was amended to read as follows:

"The chancery court shall always be open for the transaction of any business therein, but the court shall not have the power to open, or set aside any final decree after the lapse of thirty days from the date of its rendition." Act of March 17, 1915 (Gen. Acts, p. 135); Hale v. Hale, 201 Ala. 28, 75 South. 150.

The other rules of chancery practice adverted to were not amended.

The final decree in question was rendered May 21, 1915, on a submission for final decree of date April 28th of that year. The report of the sale was made on July 19th by the register, and was confirmed on August 3d thereafter. The final decree and each of said orders were within term time. From the date of the amendment of rule 1, March 17th (Gen. Acts 1915, p. 135), to January 1, 1916, the date of the practice act became effective (Gen. Acts 1915, p. 707), courts of equity were always open for the transaction of any business. After January 1, 1916, two terms of court were fixed, viz.: (1) From the "First Monday in January to and including the last Saturday of June of every year," and (2) "from the first Monday after the Fourth of July to and including the last Saturday before Christmas day of every year." The short interval between these two calls of the docket is vacation; all other time is in term time, in equity. Davidson v. Rice, 201 Ala. 508, 78 South. 862. The last two acts are without application to the instant case.

[3] Under then existing statutes, the bench notes, several orders, final decree, and the subsequent orders in the cause of Margaret E. Green v. W. C. McMahan, Administrator, in chancery at Heflin, Ala., were rendered, made, and enrolled on the minutes of the court in term time. The fact that the bench notes recite that the cause was by "consent of parties held for decree in vacation," and that the final decree and subsequent orders recite the same were rendered and entered in vacation, did not destroy the jurisdiction of the court to decree or enter the same in term time, as was the fact under the statutory amendment of the rule. The note of testimony and final submission were made by the court at Heflin at the April term and in open court. Thereafter the judicial act of the court, the conclusion of the law upon the matters contained in the record, or the application of the law to the pleadings and to the facts, was given expression by the final decree reduced to writing, signed by the chancellor within the confines of the state of Alabama. It was evidenced by the written decree filed in said cause in Cleburne county, in this state. Hudson v. Wright, 164 Ala. 298, 304, 51 South. 389, 137 Am. St. Rep. 55; 15 R. C. L. 569, 571; Chancery rule 80 (Code 1907, p. 1553), and Code, 1907, § 3207. The fact that the chancellor reduced to writing his conclusions of law and dated the same "at Anniston, Ala.," without other averment of fact in the instant bill showing a lack of jurisdiction on the part of that official, did not render the decree void. That official was within the territorial area for which he was elected, qualified, and commissioned, and when he filed with the register his written decree it was the binding decree of the court in said cause pending in the chancery court at Heflin, in Cleburne county, and not at Anniston, in Calhoun county, of this state.

[4] Moreover, we cannot say from the averments of the bill and exhibits thereto and the inspection of the entire record that the chancellor did not, in open court in Cleburne county, render the decree in person or cause the same to be filed by the register in said cause while the court was so in session. If any presumptions are to be indulged, it must be against the pleader (National Park Bank v. L. & N. R. R. Co., 74 South. 69[1]), and in favor of the decree, under the averments of the amended bill (Pollard v. Am. Freehold Land Mortg. Co., 103 Ala. 289, 297, 16 South. 801).

Aside from this, to hold that a chancellor, or a circuit judge in equity causes taken for submission, must remain within the confines of the county where such equity cause is pending during its consideration, or that he could not reduce his conclusion to writing, as required for formal decree, and to transmit the same to be filed in the registry of the court wherein the submitted cause is pending, would embarrass the consideration and decision of equity causes. The rule contended for by the appellant would require such official to return to the county,

[1] 199 Ala. 192.

formally convene the equity court, and render his decree. It was never the purpose of the rules and statutes in question so unreasonably to embarrass the administration of justice in equity courts. The rule we announce is not contrary to conclusions in Johnson v. Johnson, 182 Ala. 376, 386, 62 South. 706; Harper v. Raisin Fertz. Co., 158 Ala. 329, 337, 48 South. 589, 132 Am. St. Rep. 32; Hudson v. Hudson, 20 Ala. 364, 56 Am. Dec. 200; Hall v. Hudson, 20 Ala. 284.

[5-7] We have carefully examined the bill and demurrers in the cause of Green v. McMahan, and believe the same was not subject to demurrer on the ground of lack of equity. The facts averred establish a lien or trust on the land in question for the amount of the notes executed by Bailey Zaner and S. C. Zaner, Jr., to their sister, Mrs. Green, the complainant in said suit, which is sought to be reviewed. The notes were not without consideration. The amount they indicated, in equity, was purchase money, or at least represented the trust interest with which said lands were impressed by the grantors for their daughter, Mrs. Green. The true consideration of the deed to the lands from the father and mother was properly shown by parol. Corley v. Vizard, 84 South. 299.[2] The legal estate in the lands vested in said Bailey and S. C. Zaner, Jr., by the conveyance, upon the express terms that said grantees, as a part of the consideration, pay to Mrs. Green the sum indicated. The conveyance was subject to the amount and extent of the sums indicated in said several notes—the extent to which the equitable estate was in Mrs. Green. The bill was properly maintained for its enforcement.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.